570    COURT OF ERRORS AND APPEALS.

Stand. Gas Power Corp. v. New Eng. Cas. Co.    *90 N. J. L.*

STANDARD GAS POWER CORPORATION, APPELLANT, v.
NEW ENGLAND' CASUALTY COMPANY, RESPONDENT.

Argued March 5, 1917—Decided June 18, 1917.

1. Where a bond refers to another contract and is conditioned for the performance of the specific agreements set forth therein, such contract, with all its stipulations, limitations or restrictions, becomes a part of the bond and the two should be read together and construed as a whole.

2. A bond given by a contractor and his surety to the Passaic valley sewerage commissioners, conditioned that it shall be void if the contractor shall pay for all labor and materials furnished, and shall perform all the obligations of his contract for building a sewer (by which contract he agreed to save harmless the commissioners from claims for labor and materials), is limited to an indemnity of the obligee and is not made' for the ·benefit of persons who furnish materials to the contractor, even though the contract further provided that the commissioners might pay claims for· labor and materials used in the work and·call upon the contractor to repay the same, or might retain funds in their hands, due or to become due to the contractor, for that purpose.

3. The statute (*Comp. Stat.*, p. 4059, § 28) permitting a third party not privy to a contract and who has given no consideration, to sue thereon, is limited to those for whose benefit the contract is made, and does not extend to third parties who indirectly and incidentally would be advantaged by its performance.

---

On appeal from the Supreme Court.

For the appellant, *McDermott & Enright.*

For the respondent, *Robert Strange.* (*Stuart McNamara*, of the New York bar, on the brief).

The opinion of the court was delivered by

TRENCHARD, J.    This is an appeal from a judgment for the defendant rendered by the trial judge, sitting without a jury, at the Hudson Circuit.

We are of the opinion that the judgment must be affirmed. The pertinent facts are these:

MARCH TERM, 1917.   · 571

*90 N. J. L.*   Stand. Gas Power Corp. v. New Eng. Cas. Co.

The Passaic valley sewerage commissioners (a public corporation of the State of New Jersey) advertised for bids for the building of a section of the Passaic valley sewer, with notice that the successful bidder would be required to execute a contract and bond with satisfactory surety in a certain form prescribed. The Healey Contracting Company, a corporation of New Jersey, pursuant to such call, bid, in writing, for such work upon the form prescribed by the commissioners. Such bid was accepted by the commissioners and the Healey Contracting Company entered into contract with the commissioners for the execution of such work, delivering to the commissioners concurrently therewith its bond in the sum of $20,000, executed by it as principal and by the New England Casualty Company as surety, both contract and bond being in the form prescribed. The bond provides that the principal and surety are "held and firmly bound unto the Passaic valley sewerage commissioners in the sum of $20,000." The bond further provides that such sum is "to be paid to the Passaic valley sewerage commissioners, for which payment, well and truly to be made, they bind themselves," &c. The condition of the bond is as follows:

"Now, the condition of this obligation is such that if the said principal shall well and truly keep and perform all the obligations, agreements, terms and conditions of this said contract on its part to be kept and performed and shall also pay for all labor performed and furnished and for all materials used in carrying out of said contract, then this obligation shall be void; otherwise, it shall remain in full force and virtue."

Article 13 of the contract provides that—

"The contractor shall take all responsibility of the work, and take all precautions for preventing injuries to persons and property in or about the work; shall bear all losses resulting to him on account of the amount or character of the work, or because the nature of the land in or on which the work is done is different from what was estimated or expected, or on account of the weather, elements or other cause; *and he shall assume the defence of, and indemnify and save*

*harmless, the commissioners and their officers and agents from all claims relating to labor and materials furnished for the work,"* &c. Article 17 provides, in effect, that the commissioners might pay claims for labor and materials used in the work and call upon the contractor to repay the same, or the commissioners might retain funds in their hands due or to become due to the contractor for that purpose.

The Healey Contracting Company entered into the performance of the contract, and it, and its receiver, after it had been decreed to be insolvent, purchased, partly from the plaintiff and partly from the plaintiff's assignor, certain of the materials used in the construction of the sewer called for by the contract.

These claims for materials purchased from the plaintiff and the plaintiff's assignor, and used in the performance of the work, remaining unpaid, the plaintiff requested the commissioners to enforce the bond for the benefit of the plaintiff. This the commissioners did not do, and, subsequently, the plaintiff brought this suit against the New England Casualty Company, the surety, upon the theory that the action is maintainable by the plaintiff as one for whose benefit the bond was given.

We are of the opinion that the trial judge rightly held that the bond in question was limited to an indemnity of the obligee and was not made for the benefit of persons who furnished materials.

The plaintiff bases its contention that the action is maintainable by it as one for whose benefit the bond was given, upon the statute which reads as follows:

"Any person for whose benefit a contract is made, whether such contract be under seal or not, may maintain an action thereon in any court, and may use the same as matter of defence in any action brought against him, notwithstanding the consideration of such contract did not move from him." *Comp. Stat., p.* 4059, § 28.

But that contention is untenable. No doubt, where, as here, a bond refers to another contract and is conditioned for

the performance of the specific agreements set forth therein, such contract, with all its stipulations, limitations or restrictions becomes a part of the bond and the two should be read together and construed as a whole.

But, so construed, it is clear that the bond is a contract of indemnity for the benefit of the Passaic valley sewerage commissioners, and not for the benefit of those furnishing materials. The intent and purpose which the commissioners had in requiring it were twofold: the protection of the public interest in the proper performance of the work, and the protection of the commissioners from liability for claims on account of the work. The language of the bond, apart from the condition therein, clearly indicates that the bond is solely for the benefit of the obligee, and the condition of the bond is a mere limitation and restriction upon the language found in the obligation thereof, to the effect that the principal and surety "are held and firmly bound unto the Passaic valley sewerage commissioners in the sum of $20,000," and the person to whom the obligation is to be discharged is manifested by the further provision of the bond, to the effect that such sum is "to be paid to the Passaic valley sewerage commissioners." Reading the bond in connection with the provisions of the contract, it appears that the commissioners are given two means of protecting themselves from loss resulting from unpaid claims for labor and materials—first, by paying the claims themselves and calling upon the contractor to repay them, and if the contractor fails to make such repayment, to rely upon the bond furnished by the contractor, or, secondly, to retain any moneys due or to become due for the payment of such claims. But it does not appear that the bond was made, or intended to be made, for the protection of persons furnishing materials to the contractor who, at most, were merely indirectly and incidentally advantaged thereby.

Now, the statute upon which the plaintiff relies (*Comp. Stat.,* p. 4059, § 28), permitting a third party not privy to a contract, and who has given no consideration, to sue thereon, is limited to those for whose benefit the contract is made

and does not extend to third parties who indirectly and incidentally would be advantaged by its performance. *Styles* v. *Long Co.*, 67 *N. J. L.* 413, 418; *S. C.*, 70 *Id.* 301, 305; *Lawrence* v. *Union Insurance Co.*, 80 *Id.* 133, 136; *American Malleables Co.* v. *Bloomfield*, 83 *Id.* 728, 736.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.