NELLIE CONNELL, ADMINISTRATRIX, ETC., RESPOND-
ENT, v. COMMONWEALTH CASUALTY COMPANY, AP-
PELLANT.

Submitted July 17, 1921—Decided November 14, 1921.

1. A policy of insurance for a jitney bus which provided indemnity
   while the automobile might be operating in "Passaic, N. J.; Gar-
   field, N. J.; Lodi, N. J., and vicinity," covers an accident which
   happened at Newark, New Jersey.
2. The jitney bus lost none of its characteristics as such, because it
   was not carrying passengers at the time it struck and injured a
   pedestrian; nor, while the policy of insurance was in force, could
   its legal effect as an indemnity to the traveling public be mini-
   mized by any act or default of the insured, so long as he was
   conducting the vehicle within the general scope of the purpose for
   which it was insured.

On appeal from the Supreme Court.

For the appellant, *Lazarus & Brenner*.

For the respondent, *Herman B. Lermer*.

The opinion of the court was delivered by

MINTURN, J. The defendant issued its policy of accident
insurance to Charles Rocco, a jitney owner and operator, for
the purpose of enabling him to operate his bus in "Passaic,
N. J.; Garfield, N. J.; Lodi, N. J., and vicinity," under the
requirements and provisions of chapter 136, laws of 1916
(*Pamph. L., p.* 283), commonly termed the "Jitney act."
While taking the bus from its accustomed route to Brooklyn
to be used for passenger service in a pending car strike in that
municipality, Rocco collided with James Connell, a pedes-
trian, upon Market street, in the city of Newark, and so
seriously injured him that Connell died from the effect of the
injuries sustained. The present plaintiff, as his administra-
trix, recovered a judgment against Rocco for $5,000 damages,
and this suit was instituted to recover the amount of the judg-

ment from the insurance company because of Rocco's inability to meet it.

The trial court heard the case without a jury and awarded judgment for the plaintiff. The contention below, and here, upon the part of the defendant, was that the policy does not cover this accident, because at the time the bus was not operating as a passenger vehicle on the prescribed route covered by its local license. The difficulty inherent in this construction is that it ignores the other provisions of the policy bearing upon the subject-matter of the limitations of the indemnity. The rule of interpretation and construction is of course fundamental, that the meaning of the instrument must be gathered from its provisions as a whole, and that if doubt arise upon such perusal, the benefit of the doubt must be given to the insured. *Harris* v. *American Casualty Co.,* 83 *N. J. L.* 641; *Bohles* v. *Prudential Insurance Co.,* 84 *Id.* 315.

While it is true that in this instance the policy in its fifth item provides that: "The purpose for which the automobiles are to be used, and will continue to be used, during the period of this policy, are, 'passenger service' in 'Passaic, N. J.; Garfield, N. J.; Lodi, N. J., and vicinity,'" this limitation must be construed with reference to the fact that the route of passenger service is enlarged, from the specific municipalities enumerated, to their "vicinity;" and we will take judicial notice of the fact that the city of Newark, where the accident happened, is in the "vicinity" of the places enumerated.

The vehicle lost none of its characteristics as a jitney bus, because it was without passengers at the time, or because its movements were directed to Brooklyn to engage in the passenger service there. Whether at rest or in operation, or in the act of undergoing reparation, on the municipal route or apart from it, it still retained its passenger characteristics as a jitney bus under the policy of insurance, so far as the general public were concerned. Any violation of the provisions of the Jitney act was a matter between the operator and the municipalities under whose license he was operating. But while the policy of insurance remained in force, its legal effect as an indemnity to the traveling public, for whose benefit it

was executed and exists, cannot be minimized by any extraneous act or default of the insured, so long as he is conducting the vehicle within the general scope of the purpose for which the jitney car was insured. *Gillard* v. *Manufacturers Insurance Co.*, 93 *N. J. L.* 215.

That this construction was contemplated by the defendant is emphasized by subsection E of section 5 of the policy, viz.: "This policy does not cover loss arising from claims made on account of accident resulting from the use of the automobile elsewhere than within the borders of the United States and Canada." The policy, therefore, defines its own territorial limitations, and when we construe the language thus employed as comprehending the city of Newark as a municipality in the vicinity and within the territorial area of operation; and the accident as happening while the bus was in the "passenger service"—until it has become manifest from the evidence that the vehicle has lost the characteristics of a jitney bus—not by an incidental deviation from its licensed municipal route, but by an entire change in use and occupation, thereby eliminating the vehicle both from the purview of the Jitney act and the express provisions and conditions of the policy, the liability of the insurer becomes obvious.

The judgment will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, ACKERSON, VAN BUSKIRK, JJ.   10.

*For reversal*—BLACK, HEPPENHEIMER, WILLIAMS, GARDNER, JJ.   4.