MARCUS ROBBINS v. FARMERS' MUTUAL FIRE INSURANCE ASSOCIATION.

Decided June 9, 1926.

Insurance—Fire—Mutual Assessment—Contract Provided for Payment of Assessments Within Thirty Days After Notice, and Policy Stated That no Officer, Agent or Other Representative Had Power to Waive Any Provision—Due Notice of Assessment was Given by Mail—Defendant Contended That Local Agent and Secretary Had Agreed to Waive Immediate Payment—Policy was Duly Voided Under Rules—Loss Occurred—Conditions Which are to be Performed After Loss Has Occurred May be Waived by an Officer or Agent, but Such Power Does Not Exist in Relation to Conditions and Provisions in the Policy Which Relate to the Formation and Continuance of Contract of Insurance and are Essential to the Building Force of Contract While it is Running.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Elmer King.*

*Contra, Joseph T. Lieblich.*

PER CURIAM.

This is an action brought to recover a fire loss on a policy of insurance issued November 13th, 1922, by the Farmers' Mutual Fire Insurance Association to Michael Sosnowski (the assignor of the plaintiff), expiring by limitation of time on November 13th, 1925. The defendant is a mutual company. The fire losses against which it issues its policies are met by assessments on the notes of the policy holders given at the time the policies are issued. The present policy is in form the standard required by our statute. Among its provisions are the following: (1) When there shall be claims against the company for losses, the board of directors may order the secretary to levy an assessment on the promissory notes held by the company for such a percentage as will pay said claims and the cost of assessment and collection; a notice of the amount of each assessment mailed to each member shall be deemed to have been duly and legally served upon him. In case any member shall neglect or refuse to pay his assessment * * * within thirty days from the date of the notice thereof, his policy shall immediately thereafter become null and void. (2) This policy is made and accepted subject to the foregoing stipulations and provisions, * * * and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except," &c.

Fire losses having occurred during the year 1923, an assessment was levied to pay such losses, and a notice of such assessment was issued on October 1st, 1923, to the various policy holders. The fact was undisputed that a copy of this notice was mailed to Sosnowski on October 11th, 1923. It contained a statement of the amount of the assessment upon his premium note, and concluded as follows: "In default of

payment within thirty days from the date of this notice, your policy will be null and void." Sosnowski on the witness-stand denied that he had received the notice mailed to him, but testified that on the 12th of November, 1923, between eight and nine o'clock in the morning, he went to the office of the local agent of the company, in Hackettstown, a Mr. Wade, and made the following statement to him : "Mr. Wade, my time has come to pay the assessment," and I asked him, "I am a little short of money. What can we do? I cannot pay it right now." He further testified that Mr. Wade thereupon called up the secretary of the company on the telephone, and, as a result of that conversation, informed him (Sosnowski) that, if he would pay the assessments before any other assessment was due, it would be all right.

The fire, which is the basis of the present litigation, occurred on December 13th, 1923; but prior to that time the defendant had notified the insured that his policy had become null and void for failure to pay the assessment referred to in the notice mailed on October 11th. In this situation the defendant moved for the direction of a verdict on the ground that its liability on the policy had ceased to exist prior to the occurrence of the fire. This motion was refused, the court considering that there were two questions to be determined by the jury—first, whether the notice of the assessment had been actually received by the insured, and second, if it had, whether the enforcement of the forfeiture clause had not been waived by the combined action of the secretary of the company and the local agent, Wade. We think there was error in this view. By the acceptance of the policy, Sosnowski agreed that a notice of the amount of the assessment mailed to him should be deemed to have been duly and legally served upon him. By the very terms of this provision the mailing of the notice, which was undisputed, was legal service. We cannot concur in the view of the court that the promised extension of time by the secretary and the local agent, if proved, was a waiver of the forfeiture clause. While it is settled that conditions in the policy which are to be performed after a loss has occurred may be waived by an

officer or agent of the company, it is equally well settled, we think, that no such power exists with relation to the conditions and provisions in the policy which relate to the formation and continuance of the contract of insurance, and are essential to the binding force of the contract while it is running. *Carson* v. *Jersey City Insurance Co.,* 43 *N. J. L.* 300; *Dimick* v. *Metropolitan Insurance Co.,* 69 *Id.* 398.

For the reasons above indicated, we conclude that the motion to direct a verdict should have been granted.

The rule to show cause will be made absolute.