DOMINIC PRECIPIO, RESPONDENT, v. THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, APPELLANT.

Submitted February 11, 1927—Decided May 24, 1927.

1. A contract of insurance, written in the form of a standard policy, like any other contract, where its language is clear and unambiguous, should be enforced according to its plain provisions.

2. For the purpose of having contracts of insurance read clearly and intelligently to the ordinary understanding of men, our legislature provided for a uniform, or standard, policy of insurance; and insurers issuing policies are compelled to use one form of contract, whose meaning shall not be obscured by unusual clauses or concealed in a mass of verbiage, and whose provisions, being plain, cannot result in injustice in their enforcement; when such is the contract, our courts will not refuse to enforce the forfeitures or limitations to which the parties have agreed.

3. Where the argument on an exception is that by reason of a charge on the part of the trial judge the defendant has been deprived of a restriction upon the ordinary prejudices of jurors against insurance companies, and that the failure of the court to charge the law in this state was most harmful to the defendant, fails to point out what is the law of this state on the subject, and wherein it has been violated, no court of appeals is obliged to look through the transcript to see if it can find errors to which counsel does not point.

4. It is the rule in this state that before giving expert testimony it must be first established that the witness has special knowledge of the subject in controversy that qualifies him to give an opinion; but, it is also a rule that such qualification may be waived by the parties by express stipulation or by not objecting to the testimony when offered; and the question whether a witness is duly qualified to give expert testimony is a preliminary question for the court.

5. Where a line of testimony goes to a certain question, and counsel desires to get the benefit of an objection to the whole line, an objection to a single question goes only to that question, and is not an objection to the other testimony on the same general subject.

6. Proof of the cost of articles when purchased is an element of proof of their value at another time.

7. Language in a brief criticizing the trial court and the jury is a reflection upon that court and the jury, and is unallowable in an appellate tribunal, and deserves severe censure.

On appeal from the Supreme Court.

For the appellant, *Joseph T. Lieblich.*

For the respondent, *William L. Edwards* and *John C. Giordano.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This case is one in the Supreme Court, Monmouth Circuit, tried before Circuit Court Judge Jess and a jury, at the court house, Freehold, March, 1926. The plaintiff counted for damages for loss sustained at a fire in which his household goods and personal property were totally destroyed; they having been insured by defendant company. The jury returned a verdict in favor of the plaintiff and against the defendant for $800, and defendant appeals to this court.

There are ten grounds of appeal, the first six comprehending the charge of the court to the jury; the seventh alleges that the court erred in admitting a witness to testify; the eighth and ninth comprehend the admission of exhibits; the tenth alleges that the court erred in refusal to grant defendant's motion for a direction of a verdict in its favor.

The first point made by the defendant is that the court erred in charging the jury as follows: "In consideration of this case, gentlemen, I call your attention to the policy of the law which is that policies of insurance such as this are to be liberally construed to uphold the contract between the parties; and conditions contained in them which create forfeiture are to be construed most strongly against the insurer."

And counsel says that the policy involved in this suit is what is known as the standard form of fire insurance policy; that the legislature of this state has prescribed what that form shall be, so that all policies of fire insurance issued upon property in the State of New Jersey are required to be in this so-called standard form; that it must therefore be manifest to this court that by reason of the erroneous charge on the part of the trial court to the jury, particularly by his concluding statement—which is not excepted to, but only mentioned *arguendo*—the defendant has been deprived of a restriction upon the ordinary prejudice of juries against insurance companies; that by reason of the technical language employed in the insurance contract and the fact that the defendant in this case was insisting upon a technical defense, the failure of the court to charge the law of this state was most harmful error to the defendant.

Quite aside from attributing to the trial court the use of language which deprived the defendant of a restriction upon the ordinary prejudice of juries against insurance companies, which is a reflection upon the trial court, such language is also a reflection upon this court, as was said in our opinion last term in *Makray, Incorporated,* v. *McCullough, ante, p. 346.* As in that case, it deserves severe censure. And the aspersions upon the court below and upon the jury, like that upon counsel in *Bennett* v. *Piatt,* 85 *N. J. Eq.* 602, are unwarranted by anything in this case.

The defendant-appellant relies upon *Mick* v. *Royal Ex. Assurance Co.,* 87 *N. J. L.* 607, and *Del Guidici* v. *Imp. & Ex. Insurance Co.,* 98 *Id.* 435, as authority for his proposition that the above excerpts from the charge are erroneous statements of the law as applied to the facts of the case. In the Del Guidici case this court held that where a policy of fire

insurance is written in a standard form, approved by governmental authority, the maxim *Verba chartarum accipiuntur contra proferentum* has no *special* application. And it will be noticed that it is not pointed out by counsel that the maxim has an application to the facts at bar, either special or otherwise; and as our cases (*supra*) go no further than to hold that the maxim has, by reason of the standard form of policy, no *special* application—not that it has no application in any circumstances.

It appears that what was said in the Del Guidici case was predicated upon what was said in the Mick case (at *p.* 611), that the policy was apparently of the standard form, and, consequently, there was no *special* applicability of the maxim above mentioned. This, in turn, was based upon *Nelson* v. *Traders' Insurance Co.,* 181 *N. Y.* 472, the authority therein cited.

Neither of our New Jersey cases define this maxim in terms, and while the New York case does not do it, nevertheless, the doctrine there enunciated on the subject of standard policies is in point and illuminating. Judge Gray, speaking for the New York Court of Appeals (1905), said (at *p.* 474) : "This was a contract which, like any other contract, should be enforced according to its plain provisions. Its language is clear and unambiguous, and the provision, or condition, in question, cannot be construed otherwise than it has been, without twisting the words, and thus rendering nugatory a limitation of the hazard, which it was not improper, nor unfair, for the insurer to impose. It was for the purpose of having contracts of insurance read clearly and intelligibly to the ordinary understanding of men, that the legislature, in 1886, provided for a uniform, or standard, policy of insurance. Insurers issuing policies were compelled to use one form of contract whose meaning should not be obscured by unusual clauses, nor concealed in a mass of verbiage, and whose provisions, being plain, could result in no injustice in their enforcement. When such is the contract, the courts should not refuse to enforce the forfeitures, or limitations, which the parties are deemed to have agreed

upon." And this fully expresses the law upon the subject in general, and is in accord with our views upon it.

Thus, it appears that, going back to the authority relied upon by this court on this question, a form of insurance contract, written upon a standard policy, neither repeals the law that such policies are to be liberally construed to uphold the contract between the parties, nor that conditions contained in them which create forfeiture are to be construed most strongly against the insurers.

The argument, it will be observed, is general: It is that by reason of the alleged erroneous charge on the part of the trial court the defendant has been deprived of a restriction upon the ordinary prejudices of jurors against insurance companies. If the defendant had left out the scandalous imputation about the court and jury, and simply stated, as he properly might have, that by reason of this charge the defendant has been deprived of the benefit, by reason of the technical language employed by the insurance company and the fact that the defendant in this case was insisting upon a technical defense, the failure of the court to charge the law in this state was most harmful to this defendant, might have been employed *arguendo*. But it does not charge any particular law relating to insurance contracts, the failure to charge which was most harmful error to the defendant. Even the word "most," contained in the argument, should have been omitted. For, as we said in the Makray case: "The only question before us is, Was there error? If there were, it could not have been intensified by hostility from the court. Error is error, and it is without degree."

As ground of appeal No. one points out no error in the proceeding, it will not be considered. *Valenti* v. *Blessington,* 96 *N. J. L.* 498; *Abbe* v. *Erie Railway Co.,* 97 *Id.* 212; *Makray, Incorporated,* v. *McCullough, supra.*

Certain it is that it is not pointed out what clause of the contract should not be liberally construed, nor what conditions create a forfeiture. Certainly no court of appeals is obliged to look through the transcript to see if it can find errors to which counsel does not point.

Another question raised by the defendant-appellant is to be found in the seventh assignment of error—that the court erroneously admitted a witness not qualified to testify as to value, the question being: "What do you say then that the wardrobe containing all these clothes, that is, your wife's clothes, your clothes and the children's clothes, were worth?" The witness was the complainant, and the defendant contends that in giving value he spoke as an expert and was excluded under the doctrine of *Electric Park Co.* v. *Psichos,* 83 *N. J. L.* 262. It is true that the Supreme Court in that case (at p. 265), as stated by the appellant, said: "The indisputable rule of law governing the admission of expert testimony is that the person called upon to give such testimony must first establish that he has such special knowledge of the subject in controversy between the parties that qualified him to give an opinion." And it was also said: "It is undoubtedly true that such qualifications may be waived by the parties, by express stipulation or by not objecting to the testimony when offered. But it is an equally well-established rule of law that the question whether a witness is duly qualified to give expert testimony is a preliminary question for the court to decide."

The defendant here did not assert the right to cross-examine plaintiff as to his qualifications as an expert nor request the court to rule, generally, that plaintiff had not so qualified, but simply said in the one question objected to that the witness had not qualified as an expert as to value; but this was not an objection to the whole line of questions on the subject.

Prior to asking the question, of which that stated is the basis, the plaintiff, during the trial had been asked, without objection, ten questions as to the cost of certain of the property destroyed by fire. Then came the one question, and the objection which was overruled, and an exception allowed.

This court, in *Semkin* v. *Hollander,* 82 *N. J. L.* 485, held that an objection to the entire line of testimony, without pointing out to the trial court any reason for the objection, does not state any ground requiring consideration on writ of error, and that the established rule of this state is that

an appellate court is not required to search for errors not distinctly pointed out.

Therefore, it follows that when an objection is to a single question, and not to a line of questions on the same subject, the party objecting to the testimony may insist only upon the particular question objected to, and not to the line. But, as will be observed, in the case *sub judice,* the questions as to cost were asked prior to the objection to the single question, so the question of cost to the plaintiff at the time the articles were purchased is in the case without objection. And it was Precipio's testimony as to cost, plus Fineburg's testimony as to cost of some of the articles, upon which the jury undoubtedly based their value at the time of the fire. However, proof of the cost of articles when purchased is an element of proof of their value at another time. See *Central Railroad Co.* v. *State Board of Assessors,* 49 *N. J. L.* 1, 6. See, also, *State* v. *Duelks,* 97 *Id.* 43, 47.

As to the other eight points, five alleging error in the charge, two the wrongful admission of exhibits, and the last the denial of a motion for direction of a verdict for defendant, we need only add that after examination we think that the evidence warranted not only the charge complained of, but, also, the admission of the exhibits, and the denial of the motion for direction.

The judgment under review will be affirmed, with costs.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 15.

*For reversal*—None.