RAY WEISS, RESPONDENT, v. UNION INDEMNITY COMPANY, A CORPORATION, APPELLANT.

Argued May 28, 1930—Decided February 2, 1931.

For the respondent, *Lichtenstein, Schwartz & Friedenberg* (*David Friedenberg,* of counsel).

For the appellant, *McDermott, Enright & Carpenter.*

The opinion of the court was delivered by

KAYS, J. This was an action at law brought by the respondent, Ray Weiss, against the appellant, Union Indemnity Company, on an accident insurance policy in the principal sum of $10,000 issued by the appellant company and naming the respondent, Ray Weiss, wife of the insured, as beneficiary. The policy insured the deceased, the husband of the respondent, against the effects of bodily injuries in certain instances and death resulting therefrom. The respondent's husband died from the inhalation of poisonous gas. Under a stipulation, which was entered into between the parties to this suit, it was agreed "that the only question in respect to the issues involved in the above matter which is to be submitted to the court for its decision is that of the amount recoverable on the insurance policy which is the subject-matter of this suit, assuming that while the said policy was in full force and effect, the assured named therein sustained bodily injuries caused directly, solely and independently of all other causes by the involuntary, unconscious inhalation of gas, suffered through external, violent and accidental means, and within ninety days from the date of the accident alleged in

the complaint filed herein, and that while the said policy was in full force and effect, the said assured died as the sole and exclusive result of such bodily injuries." The stipulation further provides that the defendant agrees to pay to the plaintiff, and the plaintiff agrees to accept from the defendant, in settlement of all issues involved, a sum equivalent to one-half of the amount found by the court to be due, and that the plaintiff will accept at any time prior to the decision of the court, the sum of $2,500 on account of whatever should be determined to be due to the plaintiff. It further provides that the matters and things contained therein "are solely for the purpose of the determination of the issues involved in this cause, and for no other purpose, and that neither party shall pay, or be responsible to the other, for any costs whatsoever in this court or the Court of Errors and Appeals."

The policy of insurance, after providing for the insurance of the decedent, in the principal sum of $10,000 in case of his death, contained a number of sections relating to what are called in the policy, "Accident Indemnities," and contains the following wording: "Section 1. If any loss specified in this section shall result solely and exclusively from such injuries within ninety days from date of the accident, the company shall be liable only for such loss, and will pay for loss of life . . . . . . . . . . . . . the principal sum." It then mentions a number of other losses, as for instance, both hands, &c., for which it also agrees to pay "The Principal Sum."

The fourth section is entitled, "Double Indemnities," and provides as follows: "Section 4. All the above amounts shall be doubled if such injuries shall be received—

"1st. While riding as a passenger in any passenger car of any street or other railway; or

"2nd. While a passenger and on board a steam vessel licensed for the regular transportation of passengers."

The fifth section is entitled, "Special Indemnities," and provides as follows: "Section 5. Sunstroke, freezing, hydrophobia, or the involuntary and unconscious inhalation of gas or other poisonous vapor, shall be covered with one-half of each of the indemnities provided by this policy when suf-

fered through external, violent and accidental means." The plaintiff below claimed that by virtue of the fifth section she was entitled to recover not only the sum of $10,000 fixed in the policy on account of the death of the decedent but also an additional sum equal to one-half of that indemnity because the decedent died by inhaling poisonous gas. The defendant below claimed that the said plaintiff was not entitled to recover anything except one-half of $10,000. The case was tried before Judge Smith without a jury and the judge found a verdict in favor af the plaintiff for the sum of $7,500, which was one-half of the liability of the defendant company under said policy together with interest amounting to the sum of $1,102.91. The said sum of $7,500 was arrived at by reason of the stipulation after the trial judge reached his conclusion in the matter. From the said sum of $7,500, $2,500 had been paid on account, which left a balance due on the principal sum of $5,000, together with interest, making a total amount of $6,102.91 damages without costs, for which judgment was entered.

We agree with the conclusion reached by the court below. It would be an unreasonable interpretation of the policy of insurance to hold that if a death occurs in a certain way or under certain conditions, the amount due under the policy shall be double, but that if it occurs under other certain circumstances it shall be cut in half. The words "Special Indemnities" indicate that death under the circumstances stated in that particular section shall receive a special amount in addition to the $10,000 indemnity mentioned in the first section. There appears nothing in the wording of the fifth section of the policy to suggest a reduction of the indemnity under the sum specified in the first section of the policy. Even though there may be an ambiguity between the first and fifth sections of the policy such ambiguity must be construed most strongly against the insurance company. His honor, Chancellor Walker, speaking for this court in the case of *Harris* v. *American Casualty Co.*, 83 *N. J. L.* 641 (at *p.* 646), said:

"It is a familiar rule that the words used in a policy of

insurance should be interpreted most strongly against the insurer where the policy is so framed as to leave room for two constructions."

Therefore, if there is any doubt as to whether the fifth section of the policy provides for an additional indemnity over and above the $10,000 or whether it provides for only one-half of the $10,000 it should be construed most strongly in favor of the respondent, Ray Weiss. This interpretation of the policy is also fortified by paragraph "d" near the end of the policy under the caption "Additional Provision," which reads as follows: "(d) · Loss from injuries, fatal or otherwise, received by the insured while entering or leaving, or attempting to enter or leave, or while upon the step or steps, or platform or running board of any conveyance, shall be covered *only* by *single* indemnity." It therefore seems quite evident that the intention of the policy was to cover at least the whole indemnity in the sum of $10,000 for any accident mentioned in the policy which resulted in death, and that in certain instances the beneficiary would receive an additional indemnity if the death resulted from an accident set forth under a special indemnity, and if it happened under the provisions set forth under "Double Indemnity" the beneficiary would receive double the sum of $10,000.

We are therefore of the opinion that the court below properly decided this case. The judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, VAN BUSKIRK, KAYS, DEAR, WELLS, JJ. 12.

*For reversal*—None.