LOUIS VOZNE, PLAINTIFF-RESPONDENT, v. SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY OF SPRING-FIELD, MASSACHUSETTS, DEFENDANT-APPELLANT.

Submitted May 31, 1935—Decided October 9, 1935.

For the plaintiff-respondent, *William Simon.*

For the defendant-appellant, *Arthur T. Vanderbilt* and *G. Dixon Speakman.*

The opinion of the court was delivered by

CASE, J. The appeal is from a judgment in the Supreme Court entered on a jury verdict in the Somerset Circuit in favor of the plaintiff and against the defendant.

Defendant issued an insurance policy which by its terms insured plaintiff against loss by fire on his household furniture. The policy contained this provision:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the subject of insurance be personal property and be or become encumbered by a chattel mortgage."

There was no saving endorsement. At the time the policy was issued the insured's property was encumbered by an unpaid chattel mortgage open of record. Later there was a fire loss. After the making of the contract of insurance and before the fire the amount due on the chattel mortgage was paid. Plaintiff sued upon the policy and defendant answered, *inter alia,* that the policy, by reason of the quoted clause, was void in that the subject of the insurance was, at the issuance of the policy, encumbered by a chattel mortgage.

At the trial the plaintiff was permitted, over the objection of the defendant, to prove that the mortgage had been, as above stated, paid at a time between the issuing of the policy and the occurrence of the fire loss. Plaintiff was further permitted, over objection, to testify that he had, when ordering the policy, informed plaintiff's local agent of the existence of the chattel mortgage. The points argued by the defendant

are that the trial court erred in denying defendant's motion for a directed verdict and in making the disputed rulings on evidence.

The policy provision is clear and unmistakable. Quite as clear and unmistakable is the existence, at the inception of the contract, of the factual contingency upon which the entire policy was, according to its terms, to be void. An insurance contract, like any other contract, should be enforced in accordance with its plain provisions. *Precipio* v. *Insurance Company of Pennsylvania,* 103 *N. J. L.* 589. So, unless reason be found for holding that the language does not mean what it says, or that the insurer has in some way undone the effect of the explicit words of the contract, the policy was, from the beginning, not voidable but void—null and of no effect.

Plaintiff submits that he ordered the policy from one of defendant's agents who had in his possession blank policies of insurance and who had the authority to issue the same, accept and retain premiums and bind the company; that at the time of placing the order for the policy plaintiff informed the agent of the existence of the chattel mortgage and the agent gave assurance that he would take care of the matter; that the company, through its agent, failed, on issuing the policy, to make the appropriate endorsement and thereby waived the policy requirement.

That plaintiff had given the information to the agent and that the agent had assumed responsibility came solely from plaintiff's lips in response to questions allowed over defendant's objections. We first consider the admissibility of that testimony.

The effect of the testimony was to alter or vary the terms of the written instrument. The policy was in the standard form required by legislative enactment, section 77 of the 1902 Insurance act. 2 *Comp. Stat., p.* 2862, amended *Pamph. L.* 1932, *ch.* 35, *p.* 53. It contained, also, the following standard provision:

"* * * no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added

hereto; and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or condition affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

The leading cases in this state on the application of the parol testimony rule to insurance contracts are *Dewees* v. *Manhattan Insurance Co.*, 35 *N. J. L.* 366; *Franklin Fire Insurance Co.* v. *Martin*, 40 *Id.* 568; *Carson* v. *Jersey City Insurance Co.*, 43 *Id.* 300, and *Snyder* v. *Dwelling-House Insurance Co.*, 59 *Id.* 544. The opinion in the first of these cases was written for the Supreme Court by Chief Justice Beasley, and the opinions in the last three were written by Mr. Justice Depue for the Court of Errors and Appeals. In Dewees *v.* Manhattan, Chief Justice Beasley had himself conducted the trial at the Circuit and there, impressed by the factual merits of the plaintiff's claim, had allowed the case to go to the jury, reserving questions of law for the Supreme Court in the hope that a legal ground might be found to support the action. With that predilection for the plaintiff's case he nevertheless, in expressing the court's decision against admitting parol evidence upon the theory that the company was estopped because of the acts and representations of its agent, wrote in the opinion (page 374) :

"In the long line of innumerable cases which have proceeded and been decided on the ground that parol evidence is not admissible as against a written instrument, no judge or counsel has ever intimated, as it is believed, that the same result could be substantially attained by a resort to this circuity. It is true that, if there be a substantial ground in legal principle for its introduction, the fact that it is new will not debar from its adoption; but I have not been able to perceive the existence of such substantial ground. In my apprehension, the doctrine can be made to appear plausible only by closing the eyes to the reason of the rule which rejects, in the presence of written contracts, evidence by parol. That reason is, that the common good requires that it shall be con-

clusively presumed in an action at law, in the absence of deceit, that the parties have committed their real understanding to writing. Hence it necessarily follows that all evidence merely oral is rejected, whose effect is to vary or contradict such expressed understanding. Such rejection arises from the consideration that oral testimony is unreliable in comparison with that which is written. It is idle to say that the estoppel, if permitted to operate, will prevent a fraud or inequitable result; most parol evidence contradictory of a written instrument has the same tendency; but such evidence is rejected not because, if true, it ought not to be received, but because the written instrument is the safer criterion of what was the real intention of the contracting parties."

In Franklin Fire Insurance Co. *v.* Martin, the question was whether the trial judge had properly received evidence that the agent of the company had inspected the premises at the time of taking the proposals of insurance and knew the manner in which the premises were then used. The use was more hazardous than the policy description. The opinion, in part, reads:

"Upon principle, it is impossible to perceive on what ground such testimony should be received. A policy of insurance is a contract in writing, of such a nature as to be within the general rule of law that a contract in writing cannot be varied or altered by parol testimony. If it be ambiguous in its terms, parol evidence such as would be competent to remove an ambiguity in other written contracts, may be resorted to for the purpose of explaining its meaning. If it incorrectly or imperfectly expresses the actual agreement of the parties, it may be reformed in equity. If strict compliance with the conditions of insurance, with respect to matters to be done by the insured after the contract has been concluded, has been waived, such waiver may, in general, be shown, by extrinsic evidence, by parol. Further than this, it is not safe for a court of law to go. To except policies of insurance out of the class of contracts to which they belong, and deny them the protection of the rule of law that a contract which is put in writing shall not be altered or varied by parol evidence, of the contract the parties intended to make, as distinguished

from what appears, by the written contract, to be that which they have in fact made, is a violation of principle that will open the door to the grossest frauds."

In the Carson case exception had been taken to the substance and service of the proofs of loss. The opinion states (italics by the present writer) at page 310:

"Failure to comply with the condition of insurance with respect to the reasonableness or sufficiency of the preliminary proofs, may be waived by the insurer. The waiver may be by parol, although the policy provides that the conditions of insurance shall neither be changed nor waived, except in writing signed by the president or secretary. *Such a stipulation applies* only *to those conditions and provisions in the policy which relate to the formation and continuance of the contract of insurance and are essential to the binding force of the contract while it is running,* and does not apply to those conditions which are to be performed after the loss has occurred, in order to enable the assured to sue on his contract, such as giving notice and furnishing preliminary proof of loss."

The Snyder case likewise had relation to the sufficiency of proofs of loss and oral waiver of pertinent contract provisions.

The opinion therein cites the Carson case with approval and reaffirms the doctrine there stated. See, also, in this court *Kupferschmidt* v. *Agricultural Insurance Co.,* 80 *N. J. L.* 441 (Minturn, J.); and in the Supreme Court, *Bennett* v. *St. Paul Fire and Marine Insurance Co.,* 55 *Id.* 377 (Beasley, Chief Justice); *Robbins* v. *Farmers' Mutual Fire Insurance Association,* 4 *N. J. Mis. R.* 533; 133 *Atl. Rep.* 513 (*per curiam*); *Hanson* v. *National Liberty Fire Insurance Co.,* 100 *N. J. L.* 215 (Parker, J.). Whether the factual situation with respect to the data said to have been given to and the undertaking alleged to have been assumed by the agent would entitle the plaintiff to the remedy of reformation of contract, as suggested in *Giammares* v. *Allemannia Fire Insurance Co.,* 91 *N. J. Eq.* 114, and in the Franklin case, *supra,* we do not, of course, determine. Defendant did not, and was not called upon to, dispute or disprove the truthfulness of plaintiff's testimony. Reformation is an equitable remedy unknown to the law courts.

To restate the rule in its limitation to the present issues: A policy provision that the conditions of insurance shall not be waived except in writing is valid and effective when applied to such conditions and provisions as relate to the formation of the contract of insurance and are essential to its binding force. The policy provision first above set forth, applied to the facts of the case, had to do with the formation of the contract. The admission of parol evidence to vary that stipulation was error.

As to the refusal to direct a verdict: With the unlawful parol evidence out, there was left only a court question which should have been determined against the plaintiff. A standard form fire insurance policy which provides that the policy shall be void if the subject of insurance be encumbered by a chattel mortgage is voided by the existence of a chattel mortgage at the time the policy was issued, the mortgage having been given by the insured himself, no knowledge by the defendant being shown and no permissive endorsement appearing on the policy. *Del Guidici* v. *Importers, &c., Insurance Co.*, 98 *N. J. L.* 435; *Heliotos* v. *Great American Insurance Co.*, 103 *Id.* 529. Plaintiff's policy was in law void, and a direction of verdict for the defendant should have been granted.

The fact that the encumbrance was paid off some months after the policy was issued and before the fire occurred is not, in our opinion, material. The policy, when issued, either did or did not constitute a contract. We have decided that it was not a contract, that the motions toward making a contract were abortive. There can be no revival where there has been no life. The testimony regarding payment was objected to upon the grounds that it was immaterial, and we find that it was immaterial; but the harm lay in the refusal to direct the jury. notwithstanding the testimony.

Plaintiff argues before us that certain "riders" were so pasted upon the front page of the policy as to cover the provision concerning the agent's authority to waive conditions and the provision which incorporated into the contract the great body of the standard form policy printed on the back of the sheet. But this question was not raised in the pleadings

and so far as the state of case discloses was not presented at the trial. Nothing in the court's conclusions indicates the presentation or the consideration of the question. The only matters put to the jury were the amount of the loss and the alleged fraud of plaintiff in submitting his proofs of loss. The case seems to have gone below on the undisputed assumption that the wording of the policy was visible and readable. Our own inspection of the exhibit brings us to the conclusion that the point has no sound factual basis.

The plaintiff further contends that because the defendant, at an early stage of the trial, expressed a willingness to leave the case to the jury it thereby waived its exceptions. The point is without substance; if for no other reason, certainly for this: all of the exceptions herein mentioned were upon rulings made after the remark upon which plaintiff relies and against defendant's vigorous opposition.

The judgment below will be reversed, and a *venire de novo* will issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 16.