**SHAPIRO BROS. FACTORS CORPORA-
TION et al. v. AUTOMOBILE INS. CO.
OF HARTFORD, CONN.**

Civil Action No. 1427.

District Court, D. New Jersey.

Aug. 19, 1941.

2

Winne & Banta (Walter G. Winne), of Hackensack, N. J., for plaintiffs.

Cox & Walburg (Harry E. Walburg), of Newark, N. J., for defendant.

SMITH, District Judge.

This action was removed from the New Jersey Supreme Court to this court on the petition of the defendant. The complaint consists of seven counts, each of which alleges a separate and distinct cause of action, all, however, founded upon a single policy of insurance. There are, in fact, seven suits, each brought by a different plaintiff, suing individually and asserting a separate and distinct demand.

The Anchor Piece Dye Works, Inc., a corporation, to which the policy of insurance was issued, and by which the premiums thereon were paid, was engaged in the business of processing textiles for the manufacturers. The said policy, without naming the manufacturers as the beneficiaries thereof, insured their merchandise against loss or damage while in transit or on the premises of the said corporation. The merchandise of the plaintiffs, while on the premises of the said corporation, was destroyed by fire and the defendant became liable on the policy. The liability is not challenged.

The seven plaintiffs, as hereinabove stated, are joined in this action, which the defendant moves to dismiss on the ground that each count of the complaint fails to state a cause of action. All of the counts, except the first, are predicated upon the said policy of insurance; the first count is predicated upon the policy of insurance, as amplified by a certificate of insurance. Therefore, the first count will be separately considered and the second count will be considered as illustrative of the others.

The determination of the question presented requires a construction of the policy of insurance, and particularly that clause thereof which reads as follows: "Loss, if any, payable to the assured or order." It is the contention of the plaintiff, Neuss, Hesslein & Co. Inc., a corporation (second count), that the term "assured" refers to it as one of the parties for the benefit of which the contract of insurance was executed. It is the contention of the defendant that the term refers to the Anchor Piece Dye Works, Inc., to which the policy was issued. If the contention of the former is sustained, the action may be maintained; if the contention of the latter is sustained, the action may not be maintained.

It would appear from the pleadings, and it is not disputed, that the contract of insurance was consummated in the State of New Jersey. Therefore, the laws of this State are determinative of the rights of the parties thereunder in the absence of an express agreement to the contrary. Mutual Life Insurance Co. v. Hill,

193 U.S. 551, 24 S.Ct. 538, 48 L.Ed. 788; John Hancock Insurance Co. v. Yates, 299 U.S. 178, 57 S.Ct. 129, 81 L.Ed. 106; Hinkly v. Freick, 86 N.J.L. 281, 90 A. 1108, L.R.A.1916B, 1041.

■ The term "assured", as used in a policy of this type, ordinarily refers to that person named therein to whom the policy is issued. The term, however, is not one of fixed meaning and often, as in the instant case, its signification may be ascertained only from the context of the policy in which it appears.

■ The accepted rules of construction require that a policy of insurance, like any other contract, be considered as a whole, and each clause thereof examined in the light of the related clauses so that all of the provisions may be harmonized and effectuated. Crown Fabrics Corporation et al. v. Northern Assur. Co., Ltd., 124 N.J.L. 27, 10 A.2d 750; Krieg v. Phoenix Ins. Co. et al., 116 N.J.L. 467, 185 A. 21; Smith v. Fidelity & Deposit Co., 98 N.J.L. 534, 120 A. 322; Connell v. Commonwealth Casualty Co., 96 N.J.L. 510, 115 A. 352; A. A. Griffing Iron Co. et al. v. Liverpool Ins. Co., 68 N.J.L. 368, 54 A. 409. Where, as here, the clauses are consistent and no ambiguity arises, the function of the court is limited to the enforcement of the contract in accordance with its plain provisions. Kindervater et al. v. Motorists Casualty Ins. Co., 120 N.J.L. 373, 199 A. 606; Procacci v. United States Fire Ins. Co., 118 N.J.L. 423, 193 A. 180; Vozne v. Springfield Fire & Marine Ins. Co., 115 N.J.L. 449, 180 A. 852; Precipio v. Insurance Co. of State of Pennsylvania, 103 N.J.L. 589, 137 A. 549; Krieg v. Phoenix Ins. Co., supra.

■ When the clause hereinabove quoted is examined in the light of the related clauses, the meaning of the term "assured" is not open to question. It is apparent that the term refers to the party to which the policy of insurance was issued, to wit, the Anchor Piece Dye Works, Inc. The adoption of any other construction, especially that urged by the plaintiff, would do violence to the policy and defeat its very purpose. This is manifest when the said clause is read with the clause following: "In consideration of the premium charged, it is hereby understood and agreed that this policy is extended to cover the property insured hereunder (excluding property of the assured) while located on the assured's premises, Nos. 371–79 North 11th Street, Prospect Park, New Jersey, against the risks of fire, lightning, water damage, theft and/or holdup, but the limit of liability of this Company shall not exceed Thirty Five Thousand and 00⁄100 Dollars ($35,000.00) under fire and lightning, Five Thousand and 00⁄100 Dollars ($5,000.00) under water damage and Ten Thousand and 00⁄100 Dollars ($10,000.00) under theft and/or holdup." The foregoing provision excludes from coverage the "property of the assured." The reason for the inclusion of this clause is obvious when the general purpose and design of the policy is considered, to wit, the insurance of merchandise, not the property of the "assured", for which the "assured" might become liable upon loss or damage.

■ The plaintiff is a stranger to the contract, and, even though performance thereof may inure to its benefit, may not maintain an action thereon. The plaintiff is a mere incidental beneficiary, and, as such, has no actionable right. A person for whose benefit a contract is made may maintain an action thereon.[1] N.J.S.A. 2: 26–3.6. It must definitely appear, however, that the contract was made for his benefit; it is not sufficient that the benefits of the contract, upon its performance, shall accrue to him as an incident to such performance. Borough of Brooklawn v. Brooklawn Housing Corporation et al., 124 N.J.L. 73, 11 A.2d 83; Crown Fabrics Corporation v. Northern Assur. Co., Ltd., supra; Knapp v. Heidritter Lumber Co., 99 N.J.Eq. 381, 131 A. 909; Standard Gas Power Corp. v. New England Casualty Co., 90 N.J.L. 570, 101 A. 281; Styles v. F. R. Long Co., 70 N.J.L. 301, 57 A. 448. There is nothing in this policy of insurance which indicates that the contract was executed for the benefit of the plaintiff.

It necessarily follows that the second, fourth, sixth and seventh counts of the complaint fail to state causes of action and must, therefore, be dismissed.

■ The first count, the suit brought by Shapiro Brothers Factors Corporation, as

---

[1] A person for whose benefit a contract is made, either simple or sealed, may sue thereon in any court and may use such contract as a matter of defense in an action against him although the consideration of the contract did not move from him.

**4**

hereinabove stated, is predicated not upon the policy of insurance alone, but on the policy of insurance as amplified by a certificate of insurance issued to the said plaintiff, in which there is incorporated the following provision: " * * *. It is hereby agreed that such loss or damage shall, with the consent of the assured, be adjusted with and payable to Shapiro Bros., * * *, up to an amount not exceeding $15,000.00 * * *." This provision vested in the said plaintiff a beneficial interest in the contract, within the meaning of the statute.[1] Any other interpretation, and especially that urged by the defendant, would render the certificate nugatory.

█ If the policy and the certificate are regarded as inconsistent and, therefore, ambiguous, the court must adopt that construction favorable to the insured and unfavorable to the insurer. Nuzzi et al. v. United States Casualty Co., 121 N.J.L. 249, 1 A.2d 890; Fleming v. Connecticut General Ins. Co., 116 N.J.L. 6, 181 A. 185; Jasion v. Preferred Accident Ins. Co., 113 N.J.L. 108, 172 A. 367; Connell v. Commonwealth Casualty Co., supra.; Weiss v. Union Indemnity Ins. Co., 107 N.J.L. 348, 153 A. 508. The application of this fundamental principle in the instant case leads to the same result, and full force and effect is thereby given the certificate without impairing the policy.

The defendant's motion, addressed to the first count, must, therefore, be denied.

█ The court is without jurisdiction as to the third and fifth counts of the complaint, the former a suit brought by Harry Zeller, Inc., and the latter a suit brought by Abraham Sterzelbach, et al. Each of the said counts fails to meet the jurisdictional requirement that the amount in controversy shall exceed three thousand dollars. 28 U.S.C.A. § 41. It is a well-established rule that when several plaintiffs join in a single action their separate and distinct demands, the amount involved in each separate controversy must be of the requisite amount to be within the jurisdiction of the district court. These amounts cannot be aggregated to satisfy the jurisdictional requirement. Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; Lion Bonding Co. v. Karatz, 262 U.

S. 77, 43 S.Ct. 480, 67 L.Ed. 871; Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817; Hilliker v. Grand Lodge et al., 6 Cir., 112 F.2d 382; Frank & Lambert, Inc. v. Rosengren et al., 8 Cir., 97 F.2d 460, cf.; Gibbs et al. v. Buck et al., 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111. The jurisdiction of the court has not been challenged, but it is, notwithstanding, the duty of the court to enforce the jurisdictional requirements where, as here, the defect is apparent. 28 U.S.C.A. § 80; KVOS, Inc., v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Zicos v. Dickmann et al., 8 Cir., 98 F.2d 347; American United Life Ins. Co. v. Franklin, 8 Cir., 97 F.2d 76, and other cases herein cited.

The third and fifth counts are remanded to the New Jersey Supreme Court.

---

[1] A person for whose benefit a contract is made, either simple or sealed, may sue thereon in any court and may use such contract as a matter of defense in an action against him although the consideration of the contract did not move from him.