CAROLINE D. McMAHON, PLAINTIFF, v. ALEXANDER FURS, INC., A CORPORATION OF NEW JERSEY, AND FIRE-MAN'S FUND INSURANCE COMPANY, A CORPORATION, SEVERALLY AND JOINTLY, DEFENDANTS.

Decided July 11, 1946.

For the plaintiff, *Altman & Backer* (by *Chaim H. Sandler*).

For the defendant Fireman's Fund Insurance Company, *Lloyd, Horn & Perskie* (by *Herbert Horn*).

BURLING, C. C. H. and S. C. C.   The defendant Fireman's Fund Insurance Company issued its policy of inland marine insurance entitled "Furrier's Customers Policy" wherein Alexander Cohen-Furs, Inc., was the named insured.   The plaintiff stored certain fur coats with the co-defendant, Alex-

ander Furs, Inc., a corporation of this state, at Atlantic City, New Jersey. It is alleged they sustained damage within the terms of the policy and that the defendant insurance company was liable to the plaintiff for the damage sustained thereunder.

Motion has been made by the defendant insurance company to strike the complaint in so far as it is directed to it on the ground that the complaint is (A) frivolous, in that it does not set up a legal cause of action, the allegations therein being conclusions only, and plaintiff was neither a party to said agreement or contract of insurance nor anything more than an incidental third party beneficiary, (B) sham, in that the policy of insurance upon which the plaintiff relies provides that any loss, at the option of this defendant, may be paid to Alexander Furs, Inc., or adjusted with and paid to assured's customer or the owner of the property, and said defendant did, in exercising said option, make payment of loss of all customers who suffered damage to said Alexander Furs, Inc.

In support of the motion reliance is placed upon the two following cases by the defendant insurance company as supporting the first reason, namely a frivolous complaint:

(a) *London Assurance* v. *Bigeleisen* (*Court of Errors and Appeals,* 1944), 135 *N. J. Eq.* 564 (at *p.* 567); 39 *Atl. Rep.* (*2d*) 494, 495, wherein it was held:

"Before a claimant becomes entitled to favor as an assured he must establish that he has the status of an assured. Ordinarily the obligations arising out of a contract are not enforceable by a person who is not a party to it or in privity with it. By the statute now extant as *R. S.* 2:26–3.6; *N. J. S. A.* 2:26–3.6, a person for whose benefit a contract, either simple or sealed, is made may sue thereon in any court although the consideration of the contract did not move from him. But one who is not a party to a contract has no status to sue upon it if he be a person with whom the contracting parties never meant to come into contractual relations; a possible benefit to such a party by the performance of a contract is not enough to give him the right to maintain an action upon it. To have that effect it must appear that the contract was made for his benefit."

(b) *Crown Fabrics Corp.* v. *Northern Assurance Co., Ltd.* (*Court of Errors and Appeals,* 1939), 124 *N. J. L.* 27 (at *p.* 30); 10 *Atl. Rep.* (*2d*) 750, 752. In the disposition of the case, the court said:

"* * * Not only were the plaintiffs not named in the policy; they did not contribute to the consideration, and, so far as appears, had no knowledge of the issuance of the policy until after the loss had occurred. * * * It is true that by the rules of interpretation and construction the meaning of an instrument must be gathered from its provisions as a whole and that if doubt arise from such perusal the benefit of the doubt must be given to the insured. *Connell* v. *Commonwealth Casualty Co.,* 96 *N. J. L.* 510; 115 *Atl. Rep.* 352. It is from a study of the entire instrument that we have reached our conclusion. We find no uncertainty in the terms of the policy. Plaintiffs were strangers to the execution of the contract and to the consideration upon which the contract became effective. Before a claimant becomes entitled to favor as an assured he must establish that he has the status of an assured. Ordinarily the obligations arising out of a contract are not enforceable by a person who is not a party to it or in privity with it. By the statute now extant as *R. S.* 2:26–3.6; *N. J. S. A.* 2:26–3.6, a person for whose benefit a contract either simple or sealed, is made may sue thereon in any court although the consideration of the contract did not move from him. But one who is not a party to a contract has no status to sue upon it if he be a person with whom the contracting parties never meant to come into contractual relations; a possible benefit to such a party by the performance of a contract is not enough to give him the right to maintain an action upon it. To have that effect it must appear that the contract was made for his benefit."

The instant case is to be distinguished from those cases.

In both of them the primary property to be insured was of the warehousemen. The plaintiffs were strangers to the contract. They did not contribute to the consideration, had no knowledge of the policy until after the loss. In the *Crown Fabrics* case, the policy contained an express clause of statement of purpose of indemnification of legal liability of the named insured.

In a recent article entitled "Liability of a Bailee and His Insured" found in the record of the proceedings of the Section of Insurance Law of the American Bar Association, 1945 session, at page 177, the attitude of the New Jersey courts and the general subject is discussed.

In the instant case, property of the named insured is expressly exempted from coverage, reference is made to a customer's receipt under which assured agrees to effect insurance on bailor's property; provision is made for an optional and facility plan of payment. There is an uncertainty in the terms of the policy and one of the hornbook principles of the construction of a contract is the resort to the conduct of the parties. There is a dearth of pertinent facts such as the manner in which the premium was paid to the defendant, whether any portion thereof was collected from the bailors of the co-defendant for that purpose, the customer's express knowledge of the policy, the form of the receipt issued by the bailee, thereby leaving undetermined essential fact questions.

By stipulation in the disposition of this motion, the complaint is implied by the policy referred to in the defendant's supporting affidavit. To strike a complaint upon the ground it is frivolous is inherent and the statute merely confers a power which was exercised at common law. To do so, however, it must clearly appear to be so and to be so upon the facts alleged in the complaint. It does not so appear.

The motion to strike upon this ground is denied.

With respect to the attack upon the complaint that it is sham upon the assigned reason that prior to the institution of this suit there was paid by the defendant to the co-defendant all loss in the manner and payable under the terms of said policy directly to it under a facility of payment clause. 46 *C. J. S.* 138 and 145. It may be said *in limine,* the assertion of payment and release is premature. These defenses are affirmative defenses and are the subject-matter of an answer. Supreme Court rule 58, *N. J. S. A. tit.* 2. The application of the rule of undenied facts asserted by the supporting affidavit of the moving party is not applicable.

The motion upon this ground is denied.

Appropriate rule may be presented.