Orient Insurance Co. *v.* Rudolph. *69 Eq.*

---

ORIENT INSURANCE COMPANY

*v.*

MARY RUDOLPH et al.

[Decided May 19th, 1905.]

1. Since under New York laws and decisions supplementary proceedings are not considered special proceedings before a court or officer of limited jurisdiction, but as a new remedy in an action in which the court is possessed of general jurisdiction, the production and proof in a court of New Jersey of an order by a court of New York appointing a receiver in supplementary proceedings there, reciting the facts necessary to give the court jurisdiction to act in the proceedings, furnishes conclusive evi-

dence of the regularity of the order when questioned collaterally, and *prima facie* evidence of the existence of the facts necessary to confer jurisdiction.

2. Where property insured was located in the State of New York, and the policy contained the express provision that it should not be valid until countersigned by the agent of the company in the State of New York, the company being a corporation of Connecticut, and when, being so countersigned, it was mailed to the insured at his residence in Jersey City, the insurance contract was a New York contract and governed by its laws as to its validity, construction and discharge, and the debt due insured on the policy might be garnished there.

3. Where property belonging to a resident of New Jersey is garnished in another state by valid proceedings taken in that state, the title of the receiver based thereon may be asserted in New Jersey.

4. Where in supplementary proceedings in the State of New York the court had jurisdiction over the debt which was recoverable in that state by the judgment debtor, and notice of the proceedings was actually given to an agent in that state of the corporation indebted to the judgment debtor, which person was on general principles a proper agent for that purpose, the decision of the New York court on the question that the agent actually served was the officer designated within the New York statutes could not be collaterally attacked elsewhere.

On bill and decree of interpleader, answers and cross-bills.

*Mr. Jacob L. Newman,* for the defendant Seth Bird, receiver.

*Messrs. Crouse & Perkins,* for the defendant Rudolph.

EMERY, V. C.

The complainant, a fire insurance company of Connecticut, has paid into court the sum of $955.85, due from it upon a fire insurance policy issued to one George W. Enderline on personal property (household furniture and merchandise), located in a building in North Tarrytown, New York. The insured property was destroyed by fire on or about December 27th, 1902. The defendant Mary Rudolph claims the money paid into court, under an assignment executed March 5th, 1903, by which Enderline assigned his interest in the policy, and all moneys due or collectible under it. The defendant Seth Bird was on March 21st, 1903, appointed receiver, on supplementary proceedings, by an order of the judge of the county court of Westchester

county, New York. The supplementary proceedings were instituted on February 10th, 1903, by the filing of an affidavit of the attorney for one William S. Hall, a judgment creditor of Enderline, the insured, upon which an order for discovery was made. The receiver claims that his title to the judgment debtor's personal property, including this debt, related back, under the New York statutes, to the 10th day of February, and thus antedates the assignment to Mrs. Rudolph. The assignment to Mrs. Rudolph was not a purchase of the claim, but was made to secure or pay a pre-existing debt, and her claim, to prevail over the receiver, is rested upon several grounds: *First*. That the receiver's title has not been proved. The receiver has offered in evidence only the record in the supplementary proceedings, commencing with the affidavit upon which the order for discovery was made, on March 10th, 1903, and including the formal order of his appointment on March 21st, 1903.

These orders recite all the preliminary proceedings requisite for the making of the order, and if they are in themselves sufficient evidence of the facts recited, then no further proof is required. These judicial proceedings in the State of New York must, under the federal constitution and statutes, "have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from which they are taken." *U. S. Rev. Stat.* § *905.* Under our Evidence act (*P. L. 1900*) judicial notice may be taken of the decisions of other states, and independent of statute the more reasonable view is that judicial notice of the statutes and decisions of other states upon the effect of their judicial proceedings must be taken in order to make the federal provisions effective. *2 Black Judg.* § *860.* It is suggested that these federal provisions apply only to final decrees, and that this order is not such decree, but as the order is the final decree or judgment in the supplementary proceedings, and vests title to the debtor's property, it is clearly a final decree or judgment within the act.

Under the New York laws and decisions, these supplementary proceedings are not considered special proceedings before a court or officer of limited jurisdiction, but as a new remedy in

an action in which the court is possessed of general jurisdiction, and the production and proof of an order appointing the receiver, reciting the facts necessary to give the court or judge jurisdiction to act in the proceedings, furnishes conclusive evidence of the regularity of the order when questioned collaterally, and *prima facie* evidence of the existence of the facts necessary to confer jurisdiction. *Wright* v. *Nostrand, 94 N. Y. 31, 45 (1883)*. That a judgment was recovered, and after personal service in New York upon Underline has not been contested, and giving now to these orders the same effect as would be given to them in the courts of New York, it must be held that the recital in the order of appointment furnishes sufficient proof of the facts recited in it. The New York cases referred to as giving a different effect to the order appointing a receiver related to receiverships of a different character, and do not qualify the effect of *Wright* v. *Nostrand*. The first objection must therefore be overruled.

*Second.* It is claimed that the entire proceeding in New York for seizure or garnishment of the debt due from the Connecticut company was void, because the debt was not due and had no *situs* in New York, and its seizure or garnishment by any proceedings was therefore beyond the jurisdiction of the New York courts. It is not claimed that this view of the scope and effect of proceedings of this character is the one adopted by our courts, and under the decision of Vice-Chancellor Pitney, in *National Fire Insurance Co.* v. *Chambers, 53 N. J. Eq. (8 Dick.) 468,* the contention certainly cannot be supported. In this case the debtor, who resided in New Jersey, held an insurance policy made by a Connecticut company on property in New Jersey. The company did business, also, in Pennsylvania, and a creditor of the insured, residing in Massachusetts, attached in Pennsylvania the moneys due on the policy by proceedings taken under the laws of Pennsylvania against the insured as a nonresident debtor. Subsequent to the attachment the debtor assigned the policy to another resident of New Jersey, who sued the company in a New Jersey court, after which the company paid the sum due into court, and the attaching creditor and the assignee interpleaded. Vice-Chancellor Pitney, after a most ex-

haustive and learned examination of the authorities, decided in favor of the validity of the attachment. He concluded that as the debtor himself could, under the laws of Pennsylvania, have sued the insurance company in that state for the debt, the laws of Pennsylvania making debts due from such foreign corporations attachable in Pennsylvania were not contrary to fundamental principles of justice, but were valid. He held that the jurisdiction to fasten choses in action by attachment or garnishee process depended, not on a supposed *situs* of the debt, but upon the ability to serve process of garnishment upon the debtor of the absent defendant within the territorial jurisdiction of the court, and he also concluded that for the purpose of attaching or garnishing debts a foreign corporation lawfully doing business in more than one state might be served with process under the laws of any of the states in which it did business, and that such garnishment would be effective against the debtor or those claiming under him. One question specially considered was whether the principles of *situs* governing the attachment or seizure of tangible property were applicable to debts due or choses in action, so as to make the residence of the creditor the *situs* of the debt and the only place for its seizure or garnishment, and he concluded that these rules were not applicable. His decision is in line with the almost unanimous opinion, both in this country and in England, and has since been cited with approval by the supreme court of the United States. *Chicago, &c., Railway Co.* v. *Sturm, 174 U. S. 710 (1899).* The decision, it must be observed, goes much farther than is necessary to support the receiver's title in the present case, for in this case a judgment was regularly obtained in New York against the judgment debtor, after personal service of the summons in New York, where he was at the time of service carrying on business on the insured property, and daily attending there. The evidence in this case that he still retained his residence in Jersey City is not conclusive. The property insured was located in New York, and the contract of insurance first took effect there, for the policy contained the express provision "it shall not be valid until countersigned by the duly-authorized agent of the company at Manuet, New York," and it was so countersigned

and then mailed to the insured at Jersey City. Under the decisions, this insurance contract was therefore a New York contract and governed by its laws, both as to validity, construction and discharge. *Pennsylvania Lumbermen's Mutual Fire Insurance Company* v. *Meyer,* 197 *U. S.* 407.

The right of a receiver, appointed in supplementary proceedings in another state, to recover in this state debts due to the judgment debtor from a corporation of this state, which did business in such other state, where the debt was attached by proceedings in such foreign state, was also recognized in *Elizabethtown Savings Institution* v. *Gerber,* 35 *N. J. Eq.* (8 *Stew.*) 153, 156 (*Court of Errors and Appeals, 1882*), and Chief-Justice Beasley disapproved the view of Vice-Chancellor Van Fleet in the court below, 34 *N. J. Eq.* (7 *Stew.*) 130, that the proceeding to attach was invalid and void, because the *situs* of the entire personal property of the corporation was in New Jersey, and its disposition could not be subject to an order of a New York court requiring it to pay to the New York creditor from its money the debt the company owed to the judgment debtor. As, however (on the facts appearing in the bill), the order in that case directed the agent, and not the corporation, to pay the money, and the order for payment was made without notice to the corporation, it was held (at *p.* 158) to appear affirmatively on the record that the judgment was rendered without jurisdiction over the person or cause of action. Where tangible property belonging to a resident or corporation of this state is garnisheed in a foreign state by proceedings taken in that state, the title of the receiver, based on these proceedings, can be asserted in New Jersey. *Janes* v. *Falk,* 49 *N. J. Eq.* (4 *Dick.*) 484; reversed on appeal, 50 *N. J. Eq.* (5 *Dick.*) 468, but affirmed on this point. But, on the assumption that the receiver's title is valid, if our own decisions control the case, the contention is that, under the law as laid down in the New York decisions, such proceedings for garnishment in a foreign state are void against its residents, and therefore should be held void here. The New York decision referred to as sustaining this view is *Douglass* v. *Phenix Insurance Co.,* 138 *N. Y.* 209, 219. In this case, under an attachment issued in Massachusetts against a

non-resident debtor, a debt was due from a corporation of New York, doing business in Massachusetts and suable there. The debtor in the attachment suit was a resident of New York, and the plaintiff 'in the attachment suit was not a resident of New York. After the attachment the debtor in that suit sued the New York corporation in New York for the debt, and it was held that the attachment of the debt in Massachusetts was no defence. The decision was put mainly upon the ground that in contemplation of law the corporation debtor and the debt, as belonging to the New York creditor, were in contemplation of law, both in the State of New York, at the time of issuing the attachment, and not in the State of Massachusetts. The legal theory of *situs* was applied to a debt under the attachment laws. In the *Chambers Case, supra,* Vice-Chancellor Pitney discussed this decision exhaustively and repudiated its doctrine of applying the theory of *situs* to debts and other choses in action under attachment and garnishment laws. His decision has never been questioned in this state, and the view that a debt is attachable wherever it can be sued on, and that the strict theory of *situs* is not applicable, has since been approved by the supreme court of the United States, not only on principle, but on the authority of the best-considered cases. *Chicago, &c., Railway Co.* v. *Sturm, 174 U. S. 710 (1899),* and cases cited at *p. 717.* In this situation of the authorities there can be no question that the decision in the *Douglass Case* should not be followed in New Jersey, even if it were certainly applicable. But on examining the decision in the *Douglass Case* it will appear, I think, that the circumstance that the Massachusetts courts had no jurisdiction of the person of the debtor in attachment was relied on. In the present case the judgment was rendered after personal service of process, and the supplementary proceedings are merely continuations of that suit for the purpose of realizing the judgment. I have not been referred to any decision in New York which holds that garnishment or attachment proceedings taken in a foreign state to realize on a judgment obtained there upon a cause of action which arose in New York are void as without jurisdiction. The only other New York decision relied on which relates to the title of a receiver in supplementary pro-

ceedings was *O'Callaghan* v. *Fraser, 37 Hun 483 (1885)*, but in this case the question related to tangible property, actually located in another state at the time of the appointment of the receiver in New York, and manifestly, as to such property, the recognized theory and rules as to *situs* prevail.

. And if the New York decisions do in these cases in fact establish a rule different from our own, and a rule which, according to our view, is contrary to the principles of justice and sound legal theory, then the New York rule should not be followed by our courts merely because the protection of our rule is invoked by a citizen of a state which would not or might not give a like protection to citizens of our own state in their courts. Each state by its courts settles for itself, in cases like the present, the principles upon which it bases its comity toward those who claim rights arising in other states and settles them for itself upon what it considers fundamental principles of justice and right, not upon the basis of retaliation or compensation, as if the proceeding was in the nature of a purely political action. The application of these principles, therefore, cannot vary with the residence of the suitor invoking them, nor should the suitor from another state be held responsible or punishable in his individual person or property for the establishment of what we consider an erroneous rule by the courts of his own state. Our own laws and rules in cases of this kind, and not the laws of other states, should be administered, and they should be applied evenly for the protection of suitors from any state, without distinction.

*Third.* It is claimed that the appointment of the receiver was void under the statutes and decisions of New York for two reasons: (1) Because the order for examination or discovery directed the appearance of Temple for examination, and did not direct the appearance of the company itself. (2) Because Temple was not an officer of the company, such as was indicated by the statutes, for service of the third-party order, and service upon him of the order was ineffective.

. The statutes of New York concerning the appointment of a receiver in supplementary proceedings, the vesting of his title and the time to which it relates, so far as material to the facts

37

in this case, are as follows: [Here follows a statement of the statutes of New York relating to supplementary proceedings and of these proceedings in detail (see *61 Atl. Rep. 29-31*), and the opinion proceeds.]

Upon the entire record in the supplementary proceedings I think it appears that the questions now raised against the validity of the order, viz., whether the order directing Temple to appear for examination was an order for the examination of the company, and whether an agent such as Temple was sworn to be was an officer of the company within the meaning of this statute, were both questions which the court or judge making the order had jurisdiction to decide upon the facts presented, and further, that both of these questions were decided affirmatively, as well by an order of March 3d, 1903, directing payment of the debt to the sheriff, as by the order appointing the receiver.

If the objections reach only to the regularity of the procedure, under the New York law, they certainly cannot prevail on this collateral attack. And if the New York court has jurisdiction over the *rem, i. e.,* the debt recoverable in that state by the judgment debtor, and notice of the proceedings was actually given to some agent of the company in the state, who was, upon general principles, a proper agent for that purpose, the decision of the New York court, as a court of general jurisdiction, upon the question that the agent actually served was the officer designated within the New York statutes, cannot be subject to collateral attack elsewhere, even if the character of the agent or officer to be served be considered a jurisdictional fact. In *Fairchild* v. *Fairchild, 53 N. J. Eq. (8 Dick.) 678 (Court of Errors and Appeals, 1895)*, and *Magowan* v. *Magowan, 57 N. J. Eq. (12 Dick.) 322 (Court of Errors and Appeals, 1898)*, this rule as to the finality of the decision of the courts of a state upon the jurisdictional facts necessary to make a decree was applied to decrees of divorce, settling marital status. As to proceedings strictly *in rem,* such as seizure for breach of municipal regulation, "the mode of procedure is regulated solely by the sovereign power of the state, and no foreign court can question its correctness, unless the court passing sentence loses jurisdic-

tion by some circumstance which the law of nations can notice." Chief-Justice Marshall, in *Hudson* v. *Guestier, 4 Cranch 293 (1808)*. And this does not extend to an inquiry whether, after acquiring jurisdiction, judgment is rendered according to the proper forms of procedure of the foreign state. *2 Black Judg.* §§ *818, 819,* citing, *inter alia, Bradstreet* v. *Neptune Insurance Co., 3 Sumn. 600 (Justice Story, 1839)*. In cases analogous to proceedings *in rem,* such as the present case, jurisdiction, so far as the third party or garnishee is concerned, is obtained by notice to the third party of the attachment or garnishment, and if the notice actually given was a sufficient and reasonable notice for the purpose of the judicial proceedings in question, and was in fact directed in the proceedings to be given as the notice required by the forms of procedure, then, manifestly, the decision of the foreign court, that the notice was according to its forms of procedure, should not be reviewed in another court. It is quite clear, I think, that an agent of the company, such as Temple on the records was shown to be, was one upon whom notice could reasonably be served, as sufficiently representative of the company in this matter, to give the court jurisdiction over the company in the proceedings by a notice to him, and, if so, the final order or judgment made thereon is valid everywhere, as made upon due process of law. *Connecticut Mutual Life Insurance Co.* v. *Spratley, 172 U. S. 602, 610*. As to judgments or decrees *in personam,* their operation and effect in foreign jurisdictions depend upon the further question whether the foreign corporation was doing business within the state. *Ib. 610*.

It must therefore be held that the decision of the New York court upon the objections now made to the validity, under the New York laws, of the order appointing the receiver, is the law of this case, as between the parties to the supplementary proceedings and those claiming under them, until reversed by direct proceedings. I conclude that the title of the receiver, under the order of appointment, is valid, and must relate back, under the New York code, to the time of the service of the third-party order. This time must be fixed as the date of the actual appearance for examination, February 11th, 1903, inas-

much as the actual date of service does not appear on the record, but is admitted to have been made before the appearance. The assignee's title is therefore subject to that of the receiver.

The title of the receiver, however, is only for the purpose of paying the judgment he represents, and the decree directing payment to him of the fund in court should not go beyond this amount, and such costs as he is entitled to, which will be settled upon hearing parties on this point, if they desire.