## ROBERT WILLIAMS & COMPANY

*v.*

## AUTO EXPRESS COMPANY.

[Decided December 29th, 1910.]

1. Where a policy of insurance is procured by a bailee for the benefit of a bailor. there is a direct insurance on the goods of the bailor, giving him an interest in the policy from the time of its issuance. subject to any interest which the bailee may have under the policy.

2. An express company procured insurance against loss by fire on merchandise in transit between certain points, for which they were liable as common carriers. While such policy was in force the express company received goods of a shipper which, while in the possession of the express company, were destroyed by fire. after which the express company assigned to the shipper its rights in the insurance money represented by the policy, to the extent of the value of the merchandise, and thereafter recovered the sum for which the policy had been adjusted, which was claimed by the shipper and by its own receiver, the express company claiming no interest in the policy.—*Held*, that the money de-

rived from the policy belonged to the shipper, the only interest of the carrier being in the freight money.

3. An express company procured fire insurance on merchandise in transit and for which it was liable as a common carrier, and after a loss of merchandise in transit, and just before it was declared insolvent, it assigned to the shipper of the merchandise the insurance money represented by the policy to the value of the merchandise. The Corporation act (*P. L. 1896 p. 298 § 64*) makes it unlawful for a company, in contemplation of insolvency, to sell, convey, or assign its property.—*Held*, that, as the shipper's right to the insurance money arose out of the policy of insurance and became efficient for its protection as soon as the insurance was effected, it was not affected by the express company's insolvency.

On petition for instructions to a receiver.

*Mr. Ernest C. Lum* and *Mr. Carl A. Hansmann* (of the New York bar), for the petitioner.

*Mr. David H. Bilder,* for the receiver.

HOWELL, V. C.

The petitioner is a New Jersey corporation engaged in the manufacture of silk goods at Paterson. In May of 1910, it entrusted to the Auto Express Company ten trunks containing silk ribbons of the value of upwards of two thousand eight hundred dollars, to be carried to the city of New York; while the property was in the possession of the express company it was destroyed by fire. The express company had previously procured insurance against loss or damage by fire

"on merchandise consisting principally of silk and silk goods in transit between all points to and from in Passaic, Bergen and Hudson counties, New Jersey and the Borough of Manhattan, N. Y., and for which they are liable as common carriers."

A short time after the fire, and just before the express company was declared insolvent, it made an assignment to the petitioner of its rights in the insurance money represented by the policy to the extent of $2,878.55, after which the insurance company adjusted the loss sustained by the petitioner at $2,253.63; this money it holds for whom it may concern; both the petitioner

and the receiver claim it. The prayer is that the receiver may be authorized and required to withdraw his demand for it, and that he may be directed to consent to the payment thereof to the petitioner. The petitioner's position is that the express company never had any beneficial interest in these moneys, but was at most entitled to receive them for the benefit of the owners of the merchandise.

The law is settled for the federal jurisdiction in favor of the contention of the petitioner by the case of *Home Insurance Company* v. *Baltimore Warehouse Co., 93 U. S. 527.* In that case the warehouse company took out insurance "on merchandise; their own or held by them in trust or in which they have an interest or liability." The action was between the warehouse company and the insurance company; the property, for the value of which the suit was brought, was, at the time of the loss, in the possession of the warehouse company as bailee. One of the questions in the case was whether the warehouse company could recover from the insurance company for the value of the property which was in its possession, but to which it did not have title. There was a verdict for the warehouse company and a writ of error. Mr. Justice Strong says: "Turning, then, to the policy issued to the plaintiff below, and construing it by the language used, the intention of the parties is plainly exhibited. * * * There is nothing ambiguous in the description of the subject insured. It is as broad as possible. The subject was merchandise stored or contained in a warehouse. It was not merely an interest in that merchandise. The merchandise of the warehouse company owned by them was covered, if any they had; so was any merchandise in the warehouse in which they had an interest or liability; and so was any merchandise which they held in trust." * * * "It was undoubtedly the law that wharfingers, warehousemen and commission merchants, having goods in their possession, may insure them in their own names, and in case of loss may recover the full amount of insurance, for the satisfaction of their own claims first, and hold the residue for the owners," citing cases.

On this opinion the judgment was affirmed.

The case was followed and the position strengthened by the opinion of Mr. Justice Blatchford in the case of *California Insur-*

*ance Co.* v. *Union Compress Co., 133 U. S. 387.* There the insurance was "on cotton in bales, their own, or held by them in trust or on commission while contained," &c. This was held to cover cotton which was in the possession of the compress company at the time of the fire, as bailees, and that the words "held by them in trust" were used and must be construed in their general, commercial and business sense. The opinion states: "The policy covered all the cotton which was placed in the hands of the plaintiff by those companies. It was lawful for the plaintiff to insure in its own name goods held in trust by it, and it can recover for their entire value, holding the excess over its own interest in them for the benefit of those who have entrusted the goods to it."

To the same effect is the English law. *Waters* v. *Monarch Insurance Co., 5 El. & B. 870; 25 L. J. Q. B. 102.* There Lord Chief-Justice Campbell says, in a similar case in which there was a verdict in favor of a bailee for the value of goods insured by it and in its possession, although belonging to other persons, "the property specified in the policy has been entirely destroyed. The whole of it is therefore to be made good, and not merely the particular interest of the plaintiffs in it. They will be entitled to keep for their own indemnity as much as will cover their interest in the goods, and they will be trustees of the residue of the money for the absolute owners. There are authorities showing most distinctly that although no previous order to insure is given, the owner of the goods may ratify an insurance effected on them for his benefit, and may recover from the parties insuring the money received by them for his use." Such recovery could only be had upon the theory that the original insurance was upon the goods themselves, and that the insurance policy was a contract made by an agent for the benefit of his principal of which the principal might avail himself at any time.

The same rule was made the basis of decision in *Stillwell* v. *Staples, 19 N. Y. 401.* There the goods were held by the bailee "in trust or on commission," and in *Waring* v. *Indemnity Fire Insurance Co., 45 N. Y. 606,* where the policy was issued to commission merchants and it covered property "their own or held in trust on commission or sold, but not removed." The bailee was held entitled to collect the total amount of the loss.

The same rule is adopted in Tennessee, *Lancaster Mills* v. *Merchants Cotton Press Co., 89 Tenn. 1,* in which Judge Lurton, now of the United States supreme court, made a collection of a large number of authorities on the subject, and in Maryland, in *Fire Insurance Association* v. *Merchants Company, 66 Md. 339,* likewise in Pennsylvania, *Roberts* v. *Firemen's Insurance Co., 165 Pa. St. 55.*

The phraseology of the insurance policy in this case is not substantially different from that contained in the policies adjudicated upon in the cases above cited. In each and all of the cases the policy was procured by a bailee and was for the benefit of a bailor, and in every case was held to be direct insurance on the goods of the bailor, thus giving the bailor an interest in the policy from the time of its issuance. This interest is, however, subject to any interest which the bailor may have under the policies. It appears in this case that the bailee has no interest to protect, and that therefore whatever moneys are derived from the policies belong to the bailor.

It was argued that the assignment made by the express company to the petitioner of an interest in this fund was invalid, for the reason that the assignment was made of assets of the corporation in contemplation of insolvency, and that there was thus a violation of the terms of section 64 of our Corporation act. If the petitioner's right stood on the assignment, there might be some reason for this contention, but it does not so stand. Whatever right the petitioner has arose out of the policies of insurance and became efficient for the petitioner's protection as soon as the insurance was effected.

My conclusion, therefore, is that the petitioner's right to the money accrued when the policy was issued and is not affected by the insolvency.

I will advise an order directing the receiver to act in accordance with these views.