CROWN FABRICS CORP., A CORPORATION OF THE STATE OF NEW YORK, M. LOWENSTEIN & SONS, INC., A CORPORATION OF THE STATE OF NEW YORK, AND CLARENCE S. BROWN & CO., A CORPORATION OF THE STATE OF NEW YORK, PLAINTIFFS-APPELLANTS, v. NORTHERN ASSURANCE COMPANY, LTD., A CORPORATION, DEFENDANT-RESPONDENT.

Argued October 18, 1939—Decided January 25, 1940.

For the plaintiffs-appellants, *Laurence Semel.*

For the defendant-respondent, *Winne & Banta* (*Horace F. Banta*).

The opinion of the court was delivered by

CASE, J. The appeal is from a judgment entered in the Supreme Court in favor of the defendant and against the plaintiffs following the striking of the complaint upon the ground that it did not disclose a cause of action. The question is whether the plaintiffs were insured under a policy issued by the defendant to D. & S. Processing Company.

The complaint contains three counts stating, respectively, the claims of the several plaintiff corporations. The major

allegation, common to all of the counts, is that the defendant entered into a written agreement with the D. & S. Processing Company, a corporation of this state, wherein it agreed to insure the personal property of all of the customers of the D. & S. Processing Company against enumerated hazards, including sprinkler leakage, while that property was on the premises of the named assured at Clifton, and that while merchandise belonging to the plaintiff corporations was in the possession and custody of that company at the mentioned premises for the purpose of being processed it was damaged and destroyed as a result of sprinkler leakage.

The policy was issued to the D. & S. Processing Company. A clause therein contains this warranty: "Ownership. Warranted that the property insured hereunder is at all times owned solely and unconditionally by the Assured, unless endorsed hereon in writing to the contrary." There is no doubt that, stripped of endorsements, the policy insured only the D. & S. Processing Company. The loss, if any, was made "payable to the Assured." In the repeated use throughout the original policy of the word "assured," it is always spelled with the initial letter capitalized, viz., "Assured," thereby individualizing the named person as the one, and the only one, who carried the benefit of the insurance and who could collect the loss, if any, thereunder. We start, therefore, with the distinct understanding that insured interest is that of the contracting party, namely, the D. & S. Processing Company, and that that interest was only in those goods which were owned solely and unconditionally by that company *unless endorsed on the policy to the contrary*. So we pass to the endorsements to ascertain whether they enlarge the insured interest of the D. & S. Processing Company to goods which it does not own solely and unconditionally; and we find these endorsements:

"In consideration of an Additional Premium of $178.00, it is hereby understood and agreed that this policy is extended to cover for not exceeding $25,000 against the risks of Theft, Burglary, Pilferage, Larceny, Robbery and Hold-up, on the following property:

"Customers' Merchandise (including assured's charges for processing and/or handling and/or storage), sheet copper, copper sleeves, copper sleeve patterns, steel dies, being the property of the assured and/or others, also all materials and supplies owned by the assured consisting principally of dye stuffs, flock, paints, lacquers and other materials all while on the premises of the assured, situate Ann & Grunwald Streets, Clifton, N. J.

"In consideration of an Additional Premium of $100.00, this policy is extended to cover for $150,000.00 on customer's merchandise, including processing charges and/or handling and/or storage charges thereon while on the premises of the assured, situate Ann & Grunwald Sts., Clifton, N. J., against the risks of fire, Lightning and Sprinkler Leakage, including tank precipitation, explosion, water damage, aircraft, tornado, windstorm, cyclone, flood, strikes, riots and/or civil commotion, sabotage, vandalism and malicious mischief.

"It is understood and agreed that in addition to the direct coverage on the property insured hereunder, this policy is also extended to cover the legal liability of the assured, as per the following clause:

" 'It is the purpose of this insurance to indemnify the assured for their liability only to the amount which they are obliged to pay and do pay on merchandise by reason of losses caused by perils insured hereunder subject in all respects to policy terms and conditions.' "

We see in those endorsements (1) an extension of the direct coverage of D. & S. Processing Company to its interest in enumerated goods not owned by it, against the specified hazards, and (2) an indemnification of that company against indirect loss by way of liability to others to the extent that it is obliged to, and does, pay. Admittedly, the plaintiffs' case depends upon the giving to the endorsements such a construction as will carry direct coverage to customers for their merchandise while on the named assured's premises. We think that the policy provision is, without ambiguity, to the contrary. The endorsements bring "customers' merchandise," grouped with articles that are not the property of customers,

within the class of insured property but they contain no language which, by fair construction, adds any insurable interest beyond that of the contracting party.

The D. & S. Processing Company is not a party to this suit and has no interest herein. The complaint alleges no liability on its part. Not only were the plaintiffs not named in the policy; they did not contribute to the consideration and, so far as appears, had no knowledge of the issuance of the policy until after loss had occurred. The named assured, as we have said, warranted that except as otherwise endorsed upon the policy the protected property was owned solely and unconditionally by it. The policy was endorsed, but the modification and extension thus effected went to the property and the interest covered and not to the identity of the insured person. The protection was still confined to the named assured. This clearly appears in that the endorsement further provides that the purpose of the insurance is to indemnify the assured for liability only to the amount which the assured is obliged to pay and does pay on merchandise by reason of losses caused by the perils insured against. It is true that by the rules of interpretation and construction the meaning of an instrument must be gathered from its provisions as a whole and that if doubt arise upon such perusal the benefit of the doubt must be given to the insured. *Connell* v. *Commonwealth Casualty Co.,* 96 *N. J. L.* 510. It is from a study of the entire instrument that we have reached our conclusion. We find no uncertainty in the terms of the policy. Plaintiffs were strangers to the execution of the contract and to the consideration upon which the contract became effective. Before a claimant becomes entitled to favor as an assured he must establish that he has the *status* of an assured. Ordinarily the obligations arising out of a contract are not enforceable by a person who is not a party to it or in privity with it. By the statute now extant as *R. S.* 2 :26-3.6 a person for whose benefit a contract, either simple or sealed, is made may sue thereon in any court although the consideration of the contract did not move from him. But one who is not a party to a contract has no *status* to sue upon it if he be a person with whom the contracting parties never meant to come into con-

tractual relations; a possible benefit to such a party by the performance of a contract is not enough to give him the right to maintain an action upon it. To have that effect it must appear that the contract was made for his benefit. *Standard Gas Power Corp.* v. *New England Casually Co.,* 90 *N. J. L.* 570; *Styles* v. *Long,* 70 *Id.* 301; *Lawrence* v. *Union Insurance Co.,* 80 *Id.* 133.

It does not appear from the complaint, as amplified by the policy contract upon which the suit rests, that the defendant company insured or intended to insure the plaintiffs or that the plaintiffs had, within the meaning of the statute, a beneficial interest in the contract. It follows that no cause of action was stated against the defendant company, and that the complaint was therefore frivolous and was properly struck. The judgment for the defendant was without error and should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 15.

*For reversal*—None.