THE LONDON ASSURANCE, a corporation, complainant-appellant,

*v.*

HARRY BIGELEISEN and ESTHER BIGELEISEN, partners, trading as H. BIGELEISEN & COMPANY, et al., defendants-appellees.

[Decided October 16th, 1944.]

*Mr. Jacob I. Jaffe (Mr. Simon Greenhill,* of the New York bar, of counsel), for the plaintiff-appellant.

*Mr. Samuel Rosenfeld,* for the defendants-appellees.

The opinion of the court was delivered by

WELLS, J.

This is an appeal from a final decree of the Court of Chancery, advised by Vice-Chancellor Kays, dismissing complainant's bill of complaint, which is in the nature of a bill of interpleader.

The bill alleges substantially that the complainant, London Assurance, issued its policy of insurance on March 10th, 1943, to the extent of $2,000 which it agreed to pay to Harry Bigeleisen and Esther Bigeleisen, partners trading as H. Bigeleisen and Company, "in the event of a loss or damage by fire, to fixtures, machinery, ladies cloth coats and suits, fur coats, and merchandise usual to the business of the said defendants, Harry Bigeleisen and Esther Bigeleisen, including samples, labels, full and empty packages, boxes and similar containers, the property of the insured or held in trust, on commission or otherwise, for which the insured may be legally liable, or sold but not delivered or removed."

The complaint further alleged that on April 15th, 1943, while said contract of fire insurance was in full force, the said defendants, hereinafter referred to as Bigeleisens, sustained a loss or damage and as a result thereof the complainant agreed to pay to the Bigeleisens the sum of $1,907.54, in payment of such merchandise as may have been the property of said defendants or the property of such persons for whom the said defendants were trustees; that said complainant required of the said defendants the names of such persons, and the amount due them, so that complainant might pay such claims to. the persons lawfully entitled to receive same in accordance with the policy of insurance.

The complaint then sets forth a list of twenty customers furnished by the Bigeleisens of those who delivered merchandise to them, with the value of the articles delivered, ranging from $100 to $300 and aggregating $3,000. The complaint goes on to allege that there were numerous other claims under the sum of $100 and these claims together with the claims listed were far in excess of the amount of insurance granted to the Bigeleisens and that complainant was unable to determine to which of the named customers the said sum was due,

nor in, which proportion said claims should be paid; that complainant had also been advised of the claim of the Fire Association of Philadelphia, Pennsylvania, which held a subrogation in the sum of $2,265, for an amount paid by said company for one, Mrs. Murray Cohen, one of the customers of the Bigeleisens and who sustained a loss in said fire; that the Bigeleisens had brought suit in the New Jersey Supreme Court against the complainant, for the sum of $1,907.54, and the said suit was then pending in said court; that complainant has always been willing and still is willing to pay said sum to such person or persons as is or are lawfully entitled to receive the same, and to whom it could pay with safety; and complainant offered to pay the $1,907.54 into court.

The complainant, claiming it was without adequate remedy in the courts of law, prayed that the defendants, Bigeleisens, the Fire Insurance Company of Philadelphia and the other defendants named on the customers' list might answer the bill of complaint and interplead and determine their rights to the money in question and that complainant upon payment thereof into court might be discharged from all liability to said defendants and be paid out of said sum its costs.

An order, was entered on August 3d, 1943, restraining the Bigeleisens from proceeding further with their suit at law and enjoining them and all other named parties from commencing any suits or proceedings against complainant to recover said sum of $1,907.54. Thereafter the Bigeleisens moved for an order striking the bill of complaint and vacating the order of restraint on the grounds, among others, that said bill failed to set forth a cause of action cognizable in the Court of Chancery and that the Bigeleisens exclusively were entitled to payment of the said sum of $1,907.54 from complainant and that none of the other defendants had any legal or equitable right to the same.

The learned Vice-Chancellor, after hearing the matter on affidavits, said in his conclusions that he was "satisfied that complainant never intended to insure the customers of the defendants and that said customers have no beneficial interest in the contract; see *Crown Fabrics Corp.* v. *Northern Assurance Co., Ltd., 124 N. J. Law 27.*" The Vice-Chan-

cellor thereupon advised the decree dismissing the bill of complaint and dissolving the restraint, and this is the decree now under appeal.

It is contended on behalf of the complainant that the Vice-Chancellor committed reversible error in applying the *Crown Fabrics Case* to the instant case. With this contention we are not in accord. In the *Crown Fabrics Case* plaintiffs, customers of a named assured who was, by defendant insurance company's policy, protected against loss by sprinkler leakage to property owned by it and indemnified against liability on customer-owned goods for like cause, sued the defendant insurer for damages to their goods by sprinkler leakage while on the assured's premises, claiming direct benefit under the policy. It was held that "plaintiffs were strangers to the execution of the contract and to the consideration upon which the contract became effective. Before a claimant becomes entitled to favor as an assured he must establish that he has the status of an assured. Ordinarily the obligations arising out of a contract are not enforceable by a person who is not a party to it or in privity with it. By the statute now extant as *R. S. 2:26–3.6* a person for whose benefit a contract, either simple or sealed, is made may sue thereon in any court although the consideration of the contract did not move from him. But one who is not a party to a contract has no status to sue upon it if he be a person with whom the contracting parties never meant to come into contractual relations; a possible benefit to such a party by the performance of a contract is not enough to give him the right to maintain an action upon it. To have that effect it must appear that the contract was made for his benefit. *Standard Gas Power Corp. v. New England Casualty Co., 90 N. J. Law 570; Styles v. Long, 70 N. J. Law 301; Lawrence v. Union Insurance Co., 80 N. J. Law 133.*"

We think that the above recited quotation from the *Crown Fabrics Case* is applicable to the instant case. Complainant does not dispute the soundness of the law but argues that it does not apply here because in the *Crown Fabrics Case* there was no "in trust, on commission" clause in the policy but that the presence here of such a clause ties in the customers of Bigeleisens to the policy and elevates them to the status

of an insured and that complainant by incorporating the "in trust and on commission" clause into the policy intended to assume a direct obligation to the customers of the insureds and consequently their customers have a beneficial interest in the policy even though they knew nothing about the policy nor paid any part of the premium.

Counsel concedes, however, that in the absence of such a clause the customer has no rights whatever under the policy.

We do not regard the "in trust and on commission" clause in the policy as dispositive of the question involved here.

Complainant cites a number of New York cases such as *Waring* v. *Indemnity Fire Insurance Co., 45 N. Y. 606; Stillwell* v. *Staples, 19 N. Y. 401; Home Insurance Co.* v. *The Baltimore Warehouse Co., 93 U. S. 527; 23 L. Ed. 868,* and others from which we can gather that the words "in trust or on commission" have a peculiar meaning in insurance contracts and that recovery may be had in certain instances and under certain conditions for or on behalf of unnamed parties. On the other hand, we think, despite the presence in the policy of the "in trust or on commission" clause, that under the conditions prevailing in the instant case, where insurance has been taken out by the named insured voluntarily and without any contract with the customers so to do, the named insureds, and they only, have a right to recover for themselves and for their trustors and, from the proceeds, to satisfy their own claim and then hold the balance, if any, for their trustors, bailors or customers.

We regard the policy in the instant case as an insurance contract of indemnification. Its purpose was to indemnify the named insureds, the Bigeleisens, against loss and damage on their own merchandise and on merchandise for which they may be legally liable and which came into their possession in trust, on commission or otherwise.

The customers of the Bigeleisens are not named in the policy. They did not pay the premium, had no agreement that the policy would be written and no knowledge of its existence. The policy does not specifically or by inference permit suit by the customers of Bigeleisens, so that they were strangers to the contract of insurance and the policy was not written for their benefit. This court said in *Brooklawn* v.

*Brooklawn Housing Corp., 124 N. J. Law 73* (at *p. 76*):
"The determining factor as to the rights of a third party beneficiary is the intention of the parties who actually made the contract. They are the persons who agree upon the promises, the covenants, the guarantees; they are the persons who create the rights and obligations which flow from the contract. The statute merely provides a means of legal procedure when once it has been determined who has an actionable right under the agreement. Thus, the real test is whether the contracting parties intended that a third party should receive a benefit which might be enforced in the courts; and the fact that such a benefit exists, or that the third party is named, is merely evidence of this intention."

We are unable to find anything in the policy or from the depositions which indicates that it was the intention of the contracting parties that the policy should be executed for the benefit of the customers of the Bigeleisens, so as to confer upon them the status of insureds.

If then there is only one party entitled to the proceeds of the insurance policy; namely, the Bigeleisens, there can be no reason for filing a bill of interpleader, because there is no valid question as to who is entitled to these funds.

A mere assertion of a claim by another, as here, without alleging anything whatever on which to base it is not enough to sustain an interpleader. There must be a reasonable amount of uncertainty as to which claimant is entitled to the fund.

In this case it is not made to appear that the customers of Bigeleisens have any cause for action against the complainant insurance company, and consequently no one but the named assureds, the Bigeleisens, can claim the fund.

We are of the opinion, therefore, that there was no error on the part of Vice-Chancellor in dismissing the bill of complaint and vacating the restraining order.

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 14.

*For reversal*—None.