**OLD COLONY INSURANCE COMPANY,** a corporation of Massachusetts, Home Fire and Marine Insurance Company of California, a corporation of California, Plaintiffs,

v.

Bruce E. **LAMPERT,** Director of Internal Revenue of the United States, National Ben Franklin Insurance Company of Pittsburgh, Pa., a corporation of Pennsylvania, the Willow Fabrics, Inc., a corporation of New York, Fireman's Fund Insurance Company, a corporation of California, Joseph Gluck Fabrics, Inc., a corporation of New York, Ruxton Textile Mills Corp., a corporation of New York, Travelers Fire Insurance Company, a corporation of Connecticut, A. M. Perlman, Inc., a corporation of New York, The Insurance Company of the State of Pennsylvania, Sarasohn & Co., a partnership consisting of Ira Sarasohn, Roy Sarasohn and David E. Friedman, Arnold Smith, Receiver of Paramount Finishing Co., Inc., a corporation of New Jersey, Paramount Properties, Inc., also known as Lintex Dyeing & Finishing Co., Inc., a corporation of New Jersey, A. Leon Kohlreiter, individually, Sherbrooke Fabrics, Inc., a corporation of New York, Elk Piece Dye Works, Inc., a corporation of New York, Fireman's Insurance Company of Newark, United States of America, Defendants.

Civ. A. No. 463.

United States District Court,
D. New Jersey.
March 18, 1955.

As Amended April 15, 1955.

Harold Feuerstein, Newark, N. J., for plaintiffs.

Raymond Del Tufo, Jr., U. S. Atty., Charles H. Hoens, Jr., Asst. U. S. Atty., Newark, N. J., for defendant, Bruce E. Lambert.

George M. Eichler, Jersey City, N. J., for defendant, National Ben Franklin Ins. Co

Shanley & Fisher, Newark, N. J., F. Earl Walter, Jr., Newark, N. J., for defendants, the Willow Fabrics, Inc., Fireman's Fund Ins. Co. and Fireman's Ins. Co. of Newark.

Kristeller & Zucker, Lionel P. Kristeller, Newark, N. J., for defendants, Ruxton Textile Mills Corp. and Travelers Fire Ins. Co.

Herman W. Kurtz, Irvington, N. J., A. J. Asche (New York Bar), New York City, for defendants, A. M. Perlman, Inc. and the Insurance Co. of the State of Pennsylvania.

Rose & Berman, Joseph P. Rose, Newark, N. J., for defendant, Sarasohn & Co.

Cole, Morrill & Berman, Paterson, N. J., for defendant, Arnold M. Smith, Receiver of Paramount Finishing Co., Inc.

Shavick, Rittenberg & Shavick, Paul Rittenberg, Paterson, N. J., for defendant, Elk Piece Dye Works, Inc.

MODARELLI, District Judge.

This is an interpleader action commenced under 28 U.S.C.A. § 1335 by two insurance companies who have paid into the registry of the court $29,749.35, representing the proceeds of four policies. Motions for summary judgment have been made by Arnold M. Smith, Receiver of Paramount Finishing Co., Inc., the named insured, hereinafter referred to as the bailee or receiver, a processor of goods; and by various interpleaded defendants or their insurance company subrogees on behalf of certain customers of the bailee, hereinafter referred to as bailors-customers. On October 26, 1950 and January 3, 1951, fires occurred at the premises of the bailee, destroying goods entrusted to it by the bailors-customers. The bailee had procured the policies covering the goods. There is only one policy involved in this dispute. It is labeled "transit policy" although it includes coverage against fire loss while the goods are at certain described locations.

On April 24, 1951, the Receiver, one of the interpleaded defendants, was appointed by the Superior Court of New Jersey, Chancery Division, for the named assured. The Receiver never attempted to collect any of the proceeds of the policies in suit from the date he was appointed until the receivership proceedings were closed and he was finally discharged by the court on November 14, 1952. He

asserts his claim to the proceeds for the first time in this suit.

The issue is whether the named insured who was a bailee in possession of the goods at the time they were destroyed by fire or the bailors who were customers of that named insured to whom they had delivered their goods for processing are entitled to the proceeds of the policy.

The bailee relies on the opinions in three cases for the proposition that only the named insured is now entitled to the proceeds of the policy, Crown Fabrics Corp. v. Northern Assurance Co., 124 N.J.L. 27, 10 A.2d 750; London Assurance v. Bigeleisen, 135 N.J.Eq. 564, 39 A.2d 494; Shapiro Bros. Factors Corp. v. Automobile Ins. Co. of Hartford, Conn., D.C., 40 F.Supp. 1. In each of those cases, however, the purpose of the policy was "an indemnification * * * against indirect loss by way of liability to others to the extent that it is obliged to, and does, pay." Crown Fabrics, 124 N.J.L. at page 29, 10 A.2d at page 752; "to indemnify the named insureds * * against loss and damage on their own merchandise and on merchandise for which they may be legally liable." Bigeleisen, 135 N.J.Eq. at page 568, 39 A.2d at page 496; "for which the 'assured' might become liable upon loss or damage." Shapiro Bros., 40 F.Supp. at page 3. Thus, those decisions were that a bailor could not recover the proceeds of a policy, the purpose of which was to *indemnify* the named insured bailee for pecuniary losses arising from the legal liability of the bailee to the bailor. Of course, under such a policy of indemnity against legal liability issued to a bailee, the bailors have no right to the proceeds of the policy because the bailors have no legal liability to third parties within the meaning of the policy. But in the case at bar, the policy has no clause indicat-ing that its purpose was so to indemnify the named insured. Moreover, the words "whether liability is assumed or not" contained in one of the typewritten provisions [1] is affirmative proof that the parties to the policy did not intend to limit the policy to such indemnification.

Counsel have not discussed the conflict of laws problem in this case. Under the doctrines of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, in this action the federal court must apply the substantive law of the State of New Jersey, including its conflict of laws rule. What substantive law would a New Jersey state court apply in this case involving a Massachusetts insurance company licensed to do business in New Jersey, a New Jersey named insured which purchased the policy from a New Jersey agent, the policy having been issued in New Jersey and having riders incorporated therein date-lined New Jersey? In Lloyd v. Massachusetts Accident Co., 125 N.J.Eq. 320, 323, 5 A.2d 312, the court held that the substantive law of New Jersey applied because the contract of insurance was entered into in that state. In Orient Insurance Co. v. Rudolph, 69 N.J.Eq. 570, 61 A. 26, the court held that New York law applied because the insurance contract was a New York contract. Thus, a New Jersey court would apply the substantive law of the place of contract. While those cases do not discuss the meaning of "place of contract", in this case all of the material contracts involving the contracting parties having been in New Jersey and there being nothing before the court regarding any events occurring outside New Jersey that state is the place of contract.

1. "On goods and merchandise consisting of principally stock, samples, materials and supplies in all stages of examining, shrinking, refinishing and/or processing, manufactured, unmanufactured, and in the process of manufacturing, including cases, boxes, labels and packages, and on all other merchandise in all stages, or held in trust, or held in storage, or on commission for examining, shrinking, refinishing and/or processing, or sold but not delivered or removed or otherwise whether liability is assumed or not, also for labor performed excluding any coverage on property owned by the Assured."

What is the substantive law of New Jersey regarding the meaning of the terms in the policy in this case? The portions of the policy which the court must now construe are:

1. "Old Colony Insurance Company In Consideration of the Premium herein named Does Insure Paramount Finishing Co. \* \* \* (hereinafter referred to as the Assured), *for account of whom it concerns*; loss, if any, payable to the Assured \* \* \* On goods and/or merchandise, including packages, as per form attached." (Emphasis supplied.)

2. "On lawful goods and merchandise, including packages, consisting of textiles their own or held by them in trust, or on commission, or on consignment, or on which they have made advances, or sold but not delivered. The said goods and merchandise shall be valued at invoice plus charges \* \* \*."

3. The provision quoted in footnote 1 supra.

4. "Property to be valued at actual cash market value on day of loss \* \* including labor performed thereon and all charges and costs which may have accrued."

■■■ Counsel have not cited any New Jersey cases construing such provisions, and the court has found none. Thus, "What is a federal court to do, then, when the question before it is a matter of state law and there is found no conclusive authority in the state decisions upon the point? Both of the parties urge upon the court the ascertainment of the state law 'from all the available data'. [footnote omitted.] We accept that admonition completely and follow it." Stentor Electric Mfg. Co. v. Klaxon Co., 3 Cir., 125 F.2d 820, 823, 824, certiorari denied 316 U.S. 685, 62 S.Ct. 1284, 86 L.Ed. 1757. "The obligation to accept local law extends not merely to definitive decisions, but to considered dicta as well, and if explicit pronouncements are wanting, the federal court should endeavor to discover the law of the state on the point at issue by considering related decisions, analogies, and any reliable data tending convincingly to show what the state rule is." Moore, Vol. I, 1947 Supplement, § 1.15, at pp. 63–64. See also West v. American Telephone & Telegraph Co., 311 U.S. 223, 236, 237, 61 S.Ct. 179, 85 L.Ed. 139. Jackman v. Equitable Life Assur. Soc. of United States, 3 Cir., 145 F.2d 945, 947. This court, lacking any New Jersey statute or case to rely upon as dispositive of this case, must put itself in the place of a New Jersey court and "from all the available data" apply the law that it believes the state court would apply in this case.

At the outset, "As always, it is embarrassing to have to pass upon the law of a state whose courts have not decided the question. \* \* \*" Slattery v. Marra Bros., Inc., 2 Cir., 186 F.2d 134, 139, certiorari denied sub nom. Marra Bros., Inc., v. Slattery, 341 U.S. 915, 71 S.Ct. 736, 95 L.Ed. 1351.

The two New Jersey cases relied on by the customers-bailors are Decorative Utilities Corp. v. National Motors Trucking Corp., 123 N.J.Eq. 48, 49, 196 A. 381, and Robert Williams & Co. v. Auto Express Co., 78 N.J.Eq. 165, 169, 78 A. 670. In the Decorative Utilities case [123 N.J.Eq. 48, 196 A. 382], without discussion the court concluded that the policy "covered the property of [the] customers, not its own property. The money belongs in equity to the bailors whose goods were destroyed." That opinion is not an exposition of New Jersey's law concerning the problems now confronting this court. In the Williams case [78 N.J.Eq. 165, 78 A. 671], the court noted that the insurance was "against loss or damage by fire 'on merchandise consisting principally of silk and silk goods in transit between all points to and from \* \* \* and for which they are liable as common carriers.'" While the discussion in that case is helpful as an indication of what a New Jersey court would do, the result is not a sound precedent to guide this court because the policy in this case does not contain such an indemnity clause.

In the Williams case, the court did discuss the meaning of insurance clauses

which are also contained in the policy now before this court. Further, in that case the bailor argued that the named assured, which was a bailee transportation company, never had any beneficial interest in the insurance proceeds but was at most entitled to receive them for the benefit of the owners of the merchandise. The court decided that "in each and all of the cases [decided in the Supreme Court, New York, Tennessee, Maryland, Pennsylvania, and England] the policy was procured by a bailee, and was for the benefit of a bailor, and in every case was held to be direct insurance on the goods of the bailor, thus giving the bailor an interest in the policy from the time of its issuance. This interest is, however, subject to any interest which the bailor may have under the policies." Among the policy provisions which persuaded those courts and the New Jersey court to decide that the bailors had an interest in the policies were: (1) "On merchandise; their own or held by them in trust or in which they have an interest or liability." (2) "On cotton in bales, their own or held by them in trust or on commission * * *." As quoted above, the policy in this case contains similar clauses. See Hagan v. Scottish Ins. Co., 186 U.S. 423, 22 S.Ct. 862, 46 L.Ed. 1229, where the phrase, "for account of whom it may concern" was held to connote the group—bailors-customers—whose specific identity is not known at the time the policy is issued but who is intended by the contracting parties to be included as an insured. Also, in Exton & Co., Inc., v. Home Fire & Marine Ins. Co., 249 N.Y. 258, 164 N.E. 43, 44, 61 A.L.R. 718, the court said:

> " 'The phrases describing property "as held in trust," or "on commission," and kindred terms, in a policy to an agent, factor or the like, have been held as giving to the owner of the property a right to take the place of the insured, to adopt the contract, and to enforce it in his own name or that of his agent.' Waring v. Indemnity Fire Ins. Co., 45 N.Y. 606, pages 610, 612 (6 Am.Rep. 146). See

also, Lewis v. Home Insurance Co., 199 App.Div. 556, 192 N.Y.S. 170, affirmed without opinion, 234 N.Y. 498, 138 N.E. 421; and Home Insurance Co. v. Baltimore Warehouse Co., 93 U.S. 527, 23 L.Ed. 868, where it was said that the phrase 'held in trust' is to be understood in its mercantile sense.

> "Utica Canning Co. v. Home Ins. Co., 132 App.Div. 420, 116 N.Y.S. 934, was decided upon facts similar to these before us now. While that case did not come to this court, we see no reason for departing from the principles and the result there stated. True, the presiding justice in his opinion included a quotation which said that this form of 'trust or commission' policy is similar in its legal effect to the policy 'for whom it may concern,' and arises in much the same way. Even though the latter clause, generally found in marine policies, is much broader than the former phrase used in fire insurance policies (Hooper v. Robinson, 98 U.S. 528, 537, 25 L.Ed. 219), the reasoning of the opinion is correct and would not be affected by omitting the comparison."

Further support for the proposition that the customers-bailors are entitled to the policy proceeds is found in the policy provision, "property to be valued at actual cash market value on day of loss." The valuation criterion is *full* value of the goods *on the day of the loss*. As is argued by the bailors, only they have such an interest, although the bailee is entitled to receive an amount representing the value of its services performed on the goods. The "loss payable" clause is not relevant to the problem of who ultimately is entitled to the proceeds.

The bailee argues that the "benefit of insurance clause" precludes payment of the proceeds to the customers. Even assuming that the substantive provisions of that clause are applicable, it is of no legal effect because it is printed matter and by the terms of the policy is super-

seded by the typewritten clauses in the policy which are quoted above.

The United States Government also seeks a portion of the insurance proceeds for unpaid taxes levied against the bailee. As to the portion of the proceeds to which the bailors are entitled, the government claim will not be allowed. The government does not contend otherwise, stating in its brief that "It is, of course, essential toward the validity of the Warrant's for Distraint and levies that the property levied upon and distrained was the property of Paramount Finishing Co., Inc., for if the money held by Old Colony Insurance Company and Home Fire and Marine Insurance Company was not the property of Paramount Finishing Co., Inc., then the lien and distraint of the government would not be effective." Since the court holds that the contracting parties intended to insure goods which were the property of the bailors-customers, the proceeds of the policy representing that property never were the property of the tax debtor.

As to the portion of the funds not representing the property of the bailors-customers, the court concludes that the government is entitled to it. There is no dispute that certain liens, levies and warrants for distraint were established prior to the institution of the receivership proceedings in the state court. The liens in favor of the United States attached to all property belonging to the bailee and they arose at the time the assessment list was received by the Collector. 26 U.S.C.A. §§ 3670, 3671. "Insofar as * * * [the Receiver] relies upon his status as receiver, * * * he is in no better position than the taxpayer itself would be—of course he took the assets of the taxpayer subject to all obligations and liens in its own hands and could acquire no greater rights than the taxpayer from which he derived whatever rights he did have." Givan v. Cripe, 7 Cir., 187 F.2d 225, 227. For recent cases upholding the priority of United States tax liens, see United States v. Acri, 75 S.Ct. 239; United States v. Liverpool & London & Globe Ins. Co., 75 S. Ct. 247; United States v. Security Trust & Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53. Thus as to all liens arising prior to the receivership, the United States is entitled to payment of its taxes from the portion of the fund due to the Receiver. The court will permit the United States to file a cross motion seeking relief in accordance with this opinion because it has not filed any such pleading, although it has argued the merits of its lien claim after having filed a counterclaim. The court is satisfied, however, that on the evidence before it, summary judgment should enter.

The motion by the United States for the entry of a judgment by default in accordance with its so-called counterclaim is denied. Although the other defendants in this interpleader action did not file replies to that counterclaim, that pleading was not a claim against any opposing party, but, as was argued by the other defendants, was merely an additional claim against the fund on deposit. Thus, the pleading was not a counterclaim under Rule 13(a), Fed.Rules Civ. Proc. 28 U.S.C.A. Rule 8(c) provides, in part, that "When a party has mistakenly designated a defense as a counterclaim * * *, the court on terms if justice so requires, shall treat the pleading as if there had been a proper designation." This is an interpleader action wherein numerous interpleaded defendants have filed answers setting forth their claims against the fund. The United States also has filed a pleading which also sets forth a claim against that fund. The label "counterclaim" on that pleading does not transform what is really an answer by an interpleaded (by intervention) defendant into a claim against an opposing party. Substantial justice requires that this court treat the pleading as did the interpleaded defendants, viz., as another answer setting forth a claim against the fund. Rule 8(f). No party has been or will be prejudiced by such treatment. To require each interpleaded defendant to reply to each answer

would serve no useful purpose. The issues were clearly defined by the answers of all of the claimants to the fund.

 All of the parties in interest under all of the insurance policies mentioned in the complaint and all of the parties claiming the proceeds of the policies are in court either as plaintiffs or defendants. That being so, this court sitting as a Court of Equity can adjudicate the respective claims of each of the parties without the necessity of subjecting or vexing any of them to or with multiple litigation in other courts, particularly since the res is in the custody of this court.

The defendant Sarasohn & Co., a partnership claims it was engaged by the Receiver of Paramount Finishing Co., Inc., pursuant to an order of the court in the Superior Court Chancery proceedings "in the marshalling of additional assets and recovery of the insurance fund in question," so it is justly entitled to its proportionate share. There was objection by the other defendant-claimants to any allowance to the defendant Sarasohn & Co. It appears to the court that it never did any adjusting under the policy involved here and, therefore, rendered no services as a result of which these objecting claimants would now benefit. Their attorney was requested by the court to file an affidavit setting forth exactly what services were rendered by this defendant-claimant so that the court could decide whether this defendant was entitled to any allowances from the fund in court. This suggestion was made on March 8, 1954, and no affidavit of services has ever been filed. No allowances will, therefore, be made to the defendant Sarasohn & Co.

I, therefore, conclude from the pleadings, exhibits, briefs, and arguments of counsel that there is no genuine issue as to any material facts, and that the defendant customer-bailors are entitled to judgment as a matter of law. The defendants hereinafter named are entitled to summary judgment for the amounts set forth opposite their respective names, which amounts are undisputed:

| | |
|---|---|
| National Ben Franklin Insurance Company | $2,097.90 |
| Elk Piece Dye Works, Inc. | 1,418.47 |
| Fireman's Insurance Company | 4,395.22 |
| Fireman's Fund Insurance Company | 9,788.20 |
| Travelers Fire Insurance Company | 2,400.00 |
| The Insurance Company of the State of Pennsylvania | 2,351.01 |

Upon the filing of its cross motion, the United States will be entitled to $7,298.-55, to which the bailors-customers do not assert any claim.

Counsel for the plaintiffs' application for counsel fee will be held in abeyance until a hearing is held for the purpose of determining the same upon a notice.

An order may be submitted in conformity with the opinion herein expressed.